HARRY FORBES ET AL. V. STATE OF NEBRASKA.

FILED APRIL 17, 1913.    No. 17,457.

1. Criminal Law: INSTRUCTIONS: MOTION FOR NEW TRIAL: REVIEW. The appellate court may decline to review an instruction not challenged as erroneous in the motion for a new trial in the district court.

2. **Quaere.** Whether the indeterminate sentence law of Nebraska requires the maximum sentence provided by law is an undetermined question.

3. **Criminal Law:** INDETERMINATE SENTENCE LAW: RETROACTION. The indeterminate sentence law is prospective in its operation, and does not apply to felonies committed before it went into effect.

4. ———: ———: REPEALS. The indeterminate sentence law does not repeal or change the statutes defining crimes and prescribing penalties.

5. ———: SENTENCE. Defendants, who committed burglary before the indeterminate sentence law went into effect, but who were convicted afterward, were properly sentenced under the criminal code as it existed when the crime was committed.

ERROR to the district court for Hamilton county: GEORGE F. CORCORAN, JUDGE. *Affirmed.*

*Charles L. Whitney, J. L. Caldwell* and *Walter L. Pope,* for plaintiffs in error.

*Grant G. Martin, Attorney General,* and *Frank E. Edgerton, contra.*

ROSE, J.

In a prosecution by the state in the district court for Hamilton county, Harry Forbes, John Evans, and Charles Taylor were convicted of burglary with explosives. The charge was that they blew open and robbed a safe in the Citizens Bank of Giltner. Each was sentenced to serve a term of 28 years in the penitentiary. As plaintiffs in error, defendants Forbes and Evans now present for review the record of their conviction.

In the first assignment of error the correctness of an instruction submitting to the jury two forms for a verdict is challenged. In the motion for a new trial the court below was not asked to set aside the verdict on that ground. A salutary rule of appellate procedure does not require the review of questions not presented to the trial court. *Lukehart v. State,* 91 Neb. 219.

The principal assignment is that the trial court erred

in sentencing defendants to serve a term of 28 years in the penitentiary. Under this head it is argued that the indeterminate sentence law was applicable to the conviction of defendants; that it prohibited the trial court from fixing the "limit or duration of the sentence;" that it was violated by the sentence imposed; that it was *ex post facto* as to the offense charged. Some of the pertinent facts are: The felony was committed April 25, 1911. The trial commenced August 16, 1911, and defendants were sentenced August 21, 1911. The indeterminate sentence law went into effect July 7, 1911. It thus appears that the information was filed before the indeterminate sentence law became effective, and that defendants were tried and sentenced afterward. That part of the indeterminate sentence law relating to the sentence provides: "The court imposing such sentence shall not fix the limit or duration of the sentence, but the term of imprisonment of any person so convicted shall not exceed the maximum nor be less than the minimum term provided by law." Criminal code, sec. 502*a*.

The argument of defendants may be summarized thus: The following provision of the indeterminate sentence law applies, by its own terms, to the present case: "Every person over the age of eighteen years, convicted of a felony or other crime punishable by imprisonment in the penitentiary, excepting murder, treason, rape and kidnapping, if judgment be not suspended or a new trial granted, shall be sentenced to the penitentiary." Criminal code, sec. 502*a*. The indeterminate sentence law, as interpreted by this court, required the trial court to impose a life sentence, since the lawful sentence is the maximum, which, for burglary by explosives, is imprisonment for life. Criminal code, sec. 50*b*; *Wallace v. State,* 91 Neb. 158; *Williams v. State,* 91 Neb. 605. Under the statutes, as they existed before the indeterminate sentence law went into effect, the trial court was at liberty to impose a sentence of not more than 20 years, while the new act made a life sentence imperative. The indeterminate sentence.

law, therefore, altered the situation of defendants to their disadvantage after they were accused of burglary with explosives, and the enactment is for that reason *ex post facto* as to that offense.   *State v. McCoy*, 87 Neb. 385; *Marion v. State*, 16 Neb. 349.   The old method of imposing sentence had been superseded by the new, when the jury found defendants guilty, and, there being at that time no statute under which they could be sentenced, they must necessarily be discharged.   Those are the principal reasons urged for a reversal on this ground.

While the argument is ingenious and formidable, critical analysis discloses fallacies which prevent its adoption. *Wallace v. State*, 91 Neb. 158, and *Williams v. State*, 91 Neb. 605, do not commit this court to the doctrine that the indeterminate sentence law requires the maximum sentence prescribed by law.   That question was not necessarily involved in those cases.   An expression of the supreme court of Illinois, that the indeterminate sentence law requires the maximum sentence, is quoted in the opinion in the earlier case, with other language used by that court, to show that the statute of this state is not vulnerable to attack on the ground that an indeterminate sentence is too indefinite to meet constitutional requirements.   The language quoted by this court from the supreme court of Illinois applies to the constitutionality of the act of this state, but did not commit this court to a statutory construction in regard to the sentence. The later case also left that question open.   In the different states the statutes relating to indeterminate sentences vary in phraseology.   The opinions on this subject have often come from divided courts.   The reviewing courts of the country are not in harmony.   As to the nature of the sentence required by the indeterminate sentence law of Nebraska, this court, therefore, is not committed to the construction adopted by the supreme court of Illinois.

In another respect the argument of defendants is fallacious.   The indeterminate sentence law did not alter

40

the statute defining the crime of burglary with explosives. It remains exactly as it was before. The penalty was not changed. It was, and is: "Any person duly convicted of burglary with explosives shall be sentenced to the penitentiary for life or for any term not less than twenty years." Criminal code, sec. 50b. The sentence pronounced conformed to that act. The question then is: Did the indeterminate sentence law take from the district court the power to impose the sentence of which defendants complain? "Every person over the age of eighteen years, convicted of a felony or other crime," says the indeterminate sentence law, "shall be sentenced to the penitentiary." It seems clear that the legislature never intended this language, in its proper connection with the whole act, to apply to crimes committed before the enactment went into effect. The lawmakers legislated for the future, not for the past. An eminent text-writer has wisely said: "It is a sound rule of construction that a statute should have a prospective operation only, unless its terms show clearly a legislative intention that it should operate retrospectively." Cooley, Constitutional Limitations (7th ed.) p. 529.

Under a proper construction of the indeterminate sentence law, it does not apply to the felony committed by defendants, or to their sentence. *In re Lambrecht,* 137 Mich. 450; *Murphy v. Commonwealth,* 172 Mass. 264.

Insufficiency of the evidence to sustain the verdict is another ground urged for a reversal of the judgment, but the opinion is unanimous that the ruling should be adverse to defendants on this assignment of error.

AFFIRMED.