### HENRY STEHR V. STATE OF NEBRASKA.

FILED JUNE 26, 1913.  No. 17,539.

Criminal Law: SENTENCE: LAW GOVERNING. Where a crime is found to have been committed before the taking effect of the indeterminate sentence law, the sentence, upon the verdict of the jury finding the accused guilty, should conform to the law in force at the time of the commission of the offense.

OPINION on motion for rehearing of case reported in 92 Neb. 755. *Affirmed and remanded.*

REESE, C. J.

The opinion affirming the judgment in this case is reported in 92 Neb. 755. A motion for rehearing has been filed, and the whole record has been carefully re-examined. We are unable to discover that any prejudicial error occurred during the trial which requires interference by this court. So far as the trial itself is concerned, the defendant seems to have been fairly dealt with. It appears from the record that the defendant is charged with the commission of the offense on the 22d day of January, 1911. The evidence shows that to be the date of the death of the child. The trial was held, and finally terminated on the 27th of November, 1911, when the defendant was sentenced under the indeterminate sentence law for a term of from one to ten years. That law took effect on the 7th day of July, 1911, and, of course, could not be applied to this case as to the sentence to be imposed or method of punishment. In *Forbes v. State,* 93 Neb. 574, after quoting from the indeterminate sentence law, we said: "It seems clear that the legislature never intended this language, in its proper connection with the whole act, to apply to crimes committed before the enactment went into effect. The lawmakers legislated for the future, not for the past. An eminent text-writer has wisely said: 'It is a sound rule of construction that a statute should have a prospective operation only, unless its terms show clearly a legislative

intention that it should operate retrospectively.' Cooley, Constitutional Limitations (7th ed.) 529." It is practically, if not strictly, the uniform holding of the courts of this country that the indeterminate sentence law cannot operate upon crimes committed prior to the taking effect of the law. *Dial v. Commonwealth*, 142 Ky. 32. See *Stewart v. Commonwealth*, 141 Ky. 522; *Hunn v. Commonwealth*, 143 Ky. 143; *People v. Deyo*, 103 App. Div. (N. Y.) 126; *In re Marion*, 140 Mich. 219; *People v. Casady*, 250 Ill. 426; 12 Cyc. 956, clause *b*.

It seems quite clear that the district court erred in imposing the sentence under a law not in existence at the time of the commission of the alleged offense, and the cause will have to be remanded for a correct sentence. It is no doubt true that, as the trial was held long after the law took effect, the court and counsel overlooked the fact that the prior law must govern, and that counsel when presenting the cause to this court also did the same, and the subject was not called to our attention either in briefs or arguments, nor in the motion for rehearing, and was therefore overlooked in the opinion heretofore filed; but the question presents, not only a vital constitutional right of defendant, but one involving the jurisdiction of the court to render the sentence imposed, and cannot be ignored. We also think it not improper to suggest that, under all the circumstances of this case, the new sentence imposed should be of the shortest possible time, considering the length of time defendant has already served, and that he should be discharged from custody.

The judgment of the court, therefore, is that, no error appearing in the record before us up to the time of pronouncing sentence, the judgment of the district court as to all such matters is affirmed, and the case is remanded to that court for the rendition of a valid judgment upon the verdict.

Conviction affirmed, and case remanded for judgment.

AFFIRMED AND REMANDED.