298 P.2d 941

STATE of New Mexico, Plaintiff-Appellee,

v.

Clarence Curtis ARMSTRONG, Defendant-Appellant.

No. 6037.

Supreme Court of New Mexico.

May 24, 1956.

Rehearing Denied July 19, 1956.

Edwin L. Felter, Santa Fe, for appellant.

Richard H. Robinson, Atty. Gen., Santiago E. Campos and Paul L. Billhymer, Asst. Attys. Gen., for appellee.

Willard F. Kitts, Santa Fe, amicus curiae.

COMPTON, Chief Justice.

Appellant was convicted by a jury of Hidalgo County of the crime of voluntary manslaughter in the unlawful killing of Ruby Cardenas, and he appeals.

It is first argued that there was no proof of the corpus delicti. This argument must be rejected. In homicide cases the corpus delicti is established upon proof of the death of the person charged in the information or indictment, and that the death was caused by the criminal act or agency of another. State v. Griego, 61 N.M. 42, 294 P.2d 282; State v. Lindemuth, 56 N.M. 257, 243 P.2d 325; State v. Dena, 28 N.M. 479, 214 P. 583. Admittedly, Ruby Cardenas is dead. She and appellant were living together in a trailer house belonging to appellant at the time she was killed. On the night of August 21, 1954, they visited the Blue Moon Bar in Lordsburg, where she drank considerable intoxicating liquor. Following arguments in the bar, they returned to the trailer house, where they engaged in an altercation which resulted in her death. The next day her body was found buried in a shallow grave covered by a rug identified as having been taken from the trailer house occupied by them. The body showed multiple bruises, swelling, and discoloration, particularly about the face. Dr. Spriggs testified that he found an oval shaped depression in the region of her left temple "about two inches in length and one inch in width." The post-mortem examination disclosed the presence of blood in the spinal fluid. It was his opinion that death was caused by means of a hard blunt instrument. Plastic casts made of automobile tracks found at the grave, compared favorably with the tracks made by appellant's pickup truck. One witness testified, "seemed to be the exact duplicate." An inspection of the trailer house disclosed what appeared to be blood on a sheet. Blood was found on the floor mat of appellant's pickup. Also, blood was discovered on the "mop board" at the front of the trailer. Appellant's trousers were found in the house of a friend, which showed evidence of recent rinsing. At first appellant denied any knowledge of her death, claiming the last time he saw her was when she left with

some one in an automobile who had called for her during the night. After being placed in jail, however, he changed his story and took investigating officers to the place where he had hidden a shovel which had been used in digging the grave. He had also hidden the shoes he wore the night of her death. We think this evidence sufficiently establishes the corpus delicti. In addition to the cases supra, see Kugadt v. State, 38 Tex.Cr.R. 681, 44 S.W. 989; Commonwealth v. Webster, 5 Cush., Mass., 295, 52 Am.Dec. 711. Incidentally, appellant later made statements in which he claimed that the deceased attacked him with a knife, and that he kicked her in the necessary defense of himself. This defense, obviously, was disbelieved by the jury.

■ The information charged appellant with murder. Upon motion, the charge of murder in the first degree was withdrawn, and the jury was instructed as to the elements of murder in the second degree and manslaughter. Appellant insists that there is no evidence tending to establish this degree of homicide. Even so, it was not error to submit the issue of second degree murder, where the accused was convicted of a degree of crime properly within the evidence. State v. Horton, 57 N.M. 257, 258 P.2d 371; State v. Vargas, 42 N.M. 1, 74 P.2d 62. The evidence amply supports the verdict of voluntary manslaughter.

■■ Assigned as error is the admission in evidence of photographs. Numerous photographs were taken of appellant to show cuts, bruises, and scratches appearing on his body. Some of "the film didn't turn out" well and failed to show all scratches on his body. It is asserted that since the photographs did not show all of appellant's injuries, they were inadmissible. We find no merit in this claim of error. There is evidence that the photographs fairly and correctly represented the object they purported to represent and as the witness saw it. This is all that is required. State v. Jones, 52 N.M. 118, 192 P.2d 559. See Scott on Photographic Evidence, pp. 493–495. The admissibility of this evidence was a matter addressed to the sound discretion of the trial court, and we find nothing in the record tending to show an abuse of discretion. State v. Johnson, 57 N.M. 716, 263 P.2d 282; Ingebretsen v. Minneapolis & St. L. R. Co., 176 Iowa 74, 155 N.W. 327.

■ The validity of the sentence is questioned. The penalty for manslaughter is not less than 1 nor more than 10 years. Section 41–17–1, 1953 Comp., in effect when the offense was committed, provides that the court, at its discretion, shall fix the *maximum* and *minimum* duration of the sentence, and the trial court imposed a sentence of not less than 8 nor more than 10 years. Prior to trial and sentence, however, Chapter 150, Laws 1955, commonly known as our Indeterminate Sentence Act, was passed which removed the discretionary

powers of the trial judges to fix minimum or maximum sentences, and required the court to "sentence the person for the term as prescribed by law for the particular crime of which he was convicted." The contention is made that appellant should have been sentenced under the 1955 Act. This contention presents a novel question, and we note a divergence in the decisions of other jurisdictions. People v. Roper, 259 N.Y. 170, 181 N.E. 88; Rogers v. State, 17 Ala. App. 175, 83 So. 359; Commonwealth v. Beattie, 93 Pa.Super. 404; People v. Guagliata, 362 Ill. 427, 200 N.E. 169, 103 A.L.R. 1035; Earl v. Commonwealth, 202 Ky. 726, 261 S.W. 239. To sustain this contention, we would have to hold that the parole act amended the penalty provisions, and we know this is not so. The latter act merely advances the eligibility date for parole. It does not change the punishment nor does it purport to do so. Indeed, the penalty remains the same, not less than 1 nor more than 10 years. Consequently, the sentence imposed must be sustained. Compare People v. Hartsig, 249 Ill. 348, 94 N.E. 525; People v. Norwitt, 394 Ill. 553, 69 N.E.2d 285; Commonwealth v. Kalck, 239 Pa. 533, 87 A. 61; Forbes v. State, 93 Neb. 574, 141 N.W. 197.

Before closing we should acknowledge the services of Willard F. Kitts, Esq., amicus curiae, in the filing of an able brief touching the validity of the Parole Act, however, due to our disposition of the appeal, it was found unnecessary to rule on that question.

The judgment will be affirmed, and it is so ordered.

LUJAN, SADLER and McGHEE, JJ., concur.

KIKER, J., being absent from the State, did not participate.