420 P.2d 314

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Ireneo Felix RAYOS, Defendant-Appellant.**

**No. 8170.**

Supreme Court of New Mexico.

Jan. 16, 1967.

Boston E. Witt, Atty. Gen., Donald W. Miller, Paul J. Lacy, Asst. Attys. Gen., Santa Fe, for appellee.

Albert J. Rivera, Alamogordo, for appellant.

## OPINION

E. T. HENSLEY, Jr., Chief Judge, Court of Appeals.

By an information Ireneo Felix Rayos was charged with having committed sexual assault on a female minor under the age of sixteen years. The criminal offense charged is prohibited by § 40A–9–9, N.M. S.A. 1953 Compilation.

A recital of the evidence adduced before the jury would serve no useful purpose. From a verdict of guilty and a sentence of one year in confinement the defendant now appeals.

The appellant's contention in the district court was that by reason of extreme intoxication he was unable to form a specific intent. The instructions to the jury submitted by the trial court contained two paragraphs numbered ten and eleven as follows:

"10. In this case it is necessary that in addition to the intended act which characterizes the offense, the act must be accompanied by a specific or particular intent without which such a crime may not be committed.

"Thus in the crime of sexual assault, a necessary element is the existence in the mind of the perpetrator of the specific intent to indecently handle or touch Kim Leo, and unless such intent so exists that crime is not committed."

"11. You are instructed that voluntary drunkenness is no excuse for crime and, in this case, notwithstanding that you may believe from the evidence that at the time of the commission of the act charged, the Defendant was under the influence of intoxicating liquor voluntarily taken by him, this will not constitute any defense for him, and you should not acquit him on that ground alone."

The appellant tendered his requested instruction numbered two as follows:

"Defendant's Requested Instruction No. 2

"No act committed by a person while in a state of voluntary intoxication is less criminal by reason of his having been in such condition. But whenever the actual existence of any particular purpose, motive or intent is a necessary element to constitute any particular species or degree of crime, the jury may take into consideration the fact that the accused was intoxicated at the time, in determining

the purpose, motive or intent with which he committed the act. If the Defendant did not have the intent to commit the indecent handling or touching of Kim Leo as result of intoxication, then you will acquit the Defendant."

The requested instruction was refused and no instruction was given to the jury on this subject. The appellant assigns the refusal of the court as reversible error.

In addition to instructions numbered ten and eleven the trial court in instruction number nine instructed the jury that before a verdict of guilty could be returned the jury must believe beyond a reasonable doubt that the defendant knowingly and indecently handled the prosecutrix. Thus, the trial court fixed specific intent as an essential ingredient of the offense charged and this became the law of the case. We have held that where a defendant claims that he was so intoxicated as to be unable to form the necessary intent, that then the question of intent is a matter for the jury. See State v. Lucero, 70 N.M. 268, 372 P.2d 837. Further, see Weihofen, Insanity as a Defense in Criminal Law, p. 91, where the following appears:

"* * * but the majority rule is that intoxication may be shown in all cases of crimes requiring a specific intent, to negative the existence of such intent.
* * *"

See also Weihofen, Mental Disorder as a Criminal Defense, p. 179, and the annotation in 8 A.L.R.3d 1236. Here, the appellant by making a timely tender of his requested instruction number two complied with the requirement of § 21–1–1 (51) (g), N.M.S.A.1953, as the same existed prior to September 1, 1966.

Other propositions were urged by the appellant as grounds for reversal, but we do not consider a treatment of them to be expedient.

For failure to properly instruct the jury the conviction must be reversed and the cause remanded with instructions to set aside the sentence and verdict and to grant the defendant a new trial.

It is so ordered.

MOISE and CARMODY, JJ., concur.