453 P.2d 963

**STATE of Arizona, Appellee,**

**v.**

**George THORNE aka James Edward Whitney, Appellant.**

**No. 1918.**

Supreme Court of Arizona.

In Banc.

May 1, 1969.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Snell & Wilmer, by Robert Bernstein, Phoenix, for appellant.

HAYS, Justice.

Appellant, George Thorne, aka James Edward Whitney, was convicted of robbery with a prior, and was sentenced to 15 to 20 years imprisonment. From the judgment and sentence he appeals.

Appellant contends that he was deprived of his constitutional right to counsel at the police lineup, that a police officer's reference to the defendant's being in a lineup was error, that the robbery victim's in-court identification of defendant was based on an illegal lineup, and that defendant's waiver of counsel was accepted by the court without a determination that defendant was capable of making an intelligent and competent waiver.

On the evening of October 18, 1967, Dell's Package Liquor Store in Phoenix was robbed by a man, later identified as appellant, armed with a gun. The victim, Nelson E. Brewer, testified that during the course of the robbery he was kicked and repeatedly threatened with death. As soon as the robber left the premises, Brewer grabbed his own gun and chased after him. The police were attracted to the scene by the sound of gunfire and joined in the chase. Shortly thereafter, a block north of the liquor store, the appellant was arrested. A cruising police officer saw him tumble out of some oleander bushes; his clothing was torn and soiled, and he was breathing hard and sweating.

The record states that the appellant was informed of his rights and then placed in a police lineup where he was identified by Brewer.

At his arraignment on the information a public defender was assigned to act as appellant's counsel. Prior to trial appellant informed the court that he was dissatisfied with the public defender and requested the right to defend himself. However, at the time for trial, appellant alleged he was not prepared to properly defend himself and requested that counsel outside the public defender's office be appointed to assist him. The court denied his request and ordered the public defender to sit with and advise appellant.

This question of waiver of counsel was presented to the court in State v. Martin, 102 Ariz. 142, 144, 426 P.2d 639, 641 (1967), wherein we held:

"Article 2, Sec. 24 of the Arizona Constitution, A.R.S. provides that, 'In criminal prosecutions, the accused shall have the right to appear and defend in person * * *.' This provision has been interpreted to vest in a defendant the 'explicit' right to defend himself should he so choose. State v. Westbrook, 99 Ariz. 30, 406 P.2d 388; State v. Van Bogart, 85 Ariz. 63, 331 P.2d 597. Although this right and the right to the assistance of counsel have been deemed to be of 'equal stature', State v. Westbrook, supra, extreme caution must nevertheless be exercised before recognizing an assertion of the right to defend oneself as a waiver of the right to counsel. Our adversary system in which lawyers in criminal courts become 'necessities, not luxuries' demands this caution. See Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 [93 A.L.R.2d 733]."

 If a defendant is dissatisfied with a particular attorney assigned to him by the public defender's office, he may request another attorney from that office. This is a matter within the sound discretion of the trial judge. The members of the defender's office are qualified attorneys competent to defend criminal cases.

 The Arizona Court of Appeals properly held in State v. Saiz, 3 Ariz.App. 223, 225, 413 P.2d 282, 284 (1966), as follows:

"The right of defendant to have a court appointed attorney represent him upon finding that he is indigent and unable to employ same does not give the indigent defendant the right to select any attorney

he wishes or to abuse the efforts of the court to provide him with competent counsel. In the instant case, a review of the reporter's transcript discloses that defendant was well represented at the trial by his court appointed attorney."

■ Appellant had available to him throughout the trial the services of a public defender, and the record evidences the public defender took an active part in the proceedings. We therefore do not find that the trial court erred in ordering appellant to trial.

■ With regard to the appellant's assertion of error in the reference of the police officer to a lineup in his testimony, we find no merit. The officer at the outset indicated that he could not identify the appellant as the man he saw running on the night of the robbery. Prior to the officer's testimony the appellant in cross-examination of the victim had fully developed details concerning the lineup. Furthermore, the record reveals no objection to the officer's testimony at the trial. Objection at this time comes too late, State v. Hudgens, 102 Ariz. 1, 423 P.2d 90 (1967).

Appellant also alleges he was deprived of the right to counsel at the police lineup and that the court consequently erred when it admitted an in-court identification which he states was based on the illegal lineup.

In State v. Dessureault, 104 Ariz. 380, 453 P.2d 951 (filed April 30, 1969) we said:

"First, where, as here the in-court identification is challenged at the trial level, meaningful review requires that the appellate court reach one of the following conclusions: If it can be determined from the record on clear and convincing evidence that the in-court identification was not tainted by the prior identification procedures or from evidence beyond a reasonable doubt that it was harmless, and there is otherwise no error, the conviction will be affirmed. If it can be determined from the record that the in-court identification was tainted and that it does not appear harmless beyond a reasonable doubt, the conviction will be reversed. If the record does not permit an informed judgment that the in-court identification had an independent source [was not tainted] and was not harmless beyond a reasonable doubt, the cause will be remanded to the lower court for a hearing at which findings of fact must be made and the record then be transmitted to the appellate court for its independent scrutiny, where a decision will be made giving the customary weight to the trial court's findings."

In the instant case a lineup was held, and the appellant made timely objection to the in-court identification as being tainted by an illegal lineup. In applying the principles of State v. Dessureault, supra, we must determine from the record whether the pre-trial identification contained unnecessarily suggestive circumstances. There is scant testimony in the record from which to evaluate the lineup, and certainly there is not sufficient evidence to establish the totality of the circumstances.

■ We deem it necessary to remand this cause to the trial court for a hearing to determine first, if the lineup was conducted under unnecessarily suggestive circumstances, and secondly if the lineup was unduly suggestive, whether the in-court identification was tainted by the prior lineup identification. The trial court must then make findings of fact and return the record to this court for examination.

Remanded with instructions.

UDALL, C. J., LOCKWOOD, V. C. J., and STRUCKMEYER and McFARLAND, JJ., concur.