469 P.2d 157

STATE of New Mexico, Plaintiff-Appellee,

v.

Herman SALAZAR, Defendant-Appellant.

No. 437.

Court of Appeals of New Mexico.

April 24, 1970.

Snyder H. Downs, Santa Fe, for defendant-appellant.

James A. Maloney, Atty. Gen., Justin Reid, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Judge.

Defendant was convicted of assault with intent to commit a violent felony (rape). Section 40A–3–3, N.M.S.A.1953 (Repl.Vol. 6). His appeal raises five issues: (1) lack of a preliminary hearing; (2) cross-examination of grand jury witnesses; (3) transcript of grand jury proceedings; (4) inadequate representation by counsel; and (5) the trial court's refusal to appoint substitute counsel.

*Lack of preliminary hearing.*

■ Defendant moved for a preliminary hearing prior to his trial. He claims

the trial court erred in denying his motion because N.M.Const., Art. II, § 14 gives him the right to a preliminary hearing. This constitutional provision affords a right to a preliminary hearing when the accused is charged by a criminal information. This provision does not afford a right to a preliminary hearing when the accused is indicted by a grand jury. State v. Mosley, 75 N.M. 348, 404 P.2d 304 (1965). Defendant, having been indicted by a grand jury, had no right to a preliminary hearing.

*Cross-examination of grand jury witnesses.*

Defendant claims he has the right to cross-examine witnesses who appeared before the grand jury. He does not explain the basis of this contention in his brief. Before the trial court he equated the grand jury proceedings with a preliminary hearing and asserted the right of cross-examination on the theory the two procedures were equal.

Territory v. Young, 2 N.M. (Gild.) 93 (1881), also reported in 37 Pac. State Reports, states:

"* * * We cannot fail to recognize the wide distinction between a grand and a petit jury as to their functions and methods of procedure. The action of the former is simply preliminary; it is an inquiry by the grand inquest as to whether there is such probability from the statements made before them, which are usually *ex parte* of the guilt of a certain person, that he ought to be placed on trial. * * *"

The preliminary examination also is an inquiry into probable cause. Section 41–3–12, N.M.S.A.1953 (Repl.Vol. 6). To this extent there is a similarity between grand jury proceedings and a preliminary examination.

But the nature of the two procedures is different. The grand jury inquiry is secret. One of the reasons for secrecy is because at the time of these proceedings, the defendant has not been charged with the crime. State v. Morgan, 67 N.M. 287, 354

P.2d 1002 (1960). A preliminary examination is held after a criminal complaint has been made against the defendant. Section 41–3–7, N.M.S.A.1953 (Repl.Vol. 6).

Because of the difference in the nature of the two procedures, a defendant, subsequently indicted by the grand jury, has no right to appear before the grand jury. See Territory v. Young, supra. Nor does such a defendant have the right to cross-examine witnesses appearing before the grand jury. He has no such right because the testimony of witnesses before the grand jury is secret, at least until an indictment is voted, see State v. Morgan, supra, and because "* * * on all principles, the jury-trial rules of Evidence should not apply * * *," see I Wigmore, Evidence § 4(5) (3rd ed. 1940).

N.M.Const., Art. II, § 14 gives the accused the right to appear and to be confronted with the witnesses against him. This right, however, applies "in all criminal prosecutions." The grand jury proceedings are not prosecutions; they are inquests into whether there should be a prosecution. Territory v. Young, supra. This constitutional provision does not give defendant the right to cross-examine witnesses appearing before the grand jury.

*Transcript of grand jury proceedings.*

Defendant claims he was entitled to a transcript of the grand jury proceedings. Although we cannot tell from the record, or the briefs, we assume defendant is not seeking a transcript of everything that occurred before the grand jury. Rather, we assume he seeks only a transcript of the proceedings pertaining to the criminal charge brought against him.

Even with this assumption, there is nothing in the record before us indicating he was entitled to this portion of the grand jury proceedings. There is nothing indicating any use was made of grand jury testimony at defendant's trial, State v. Morgan, supra, or that any witness at the trial testified before the grand jury. State v. Tackett, 78 N.M. 450, 432 P.2d 415

(1967), 20 A.L.R.3d 1, cert. denied 390 U.S. 1026, 20 L.Ed.2d 283, 88 S.Ct. 1414 (1968). All we have here is a "wholesale request;" no showing of any particularized need. State v. Tackett, supra. With such a record, defendant was not entitled to examine the grand jury proceedings.

### Inadequate representation by counsel.

■ Defendant claims he was inadequately represented by his court appointed counsel. A claim of inadequate representation requires a showing that the proceedings leading to his conviction were a sham, farce or mockery. State v. Dominguez, 80 N.M. 328, 455 P.2d 194 (Ct.App.1969) and cases therein cited.

■ Defendant contends he was inadequately represented because counsel advised him to plead guilty, and when defendant rejected this advice, counsel allegedly said, "I will see you fry." Neither the advice nor the comment raise an issue as to whether the proceedings resulting in defendant's conviction were a sham, farce or mockery. State v. Pavlich, 80 N.M. 747, 461 P.2d 229 (1969); Pena v. State, (Ct.App.), 81 N.M. 331, 466 P.2d 897, decided February 20, 1970; State v. Ramirez, 81 N.M. 140, 464 P.2d 569 (Ct.App.1970).

### Refusal to appoint substitute counsel.

■ Defendant states "* * * as he was dissatisfied with his court appointed counsel the Court was required to appoint him another trial counsel to defend him." That is not the law. State v. Walker, 202 Kan. 475, 449 P.2d 515 (1969) states:

"* * * An indigent defendant may not compel the court to appoint such counsel as defendant may choose. Such appointment lies within the sound discretion of the trial court * * *. Likewise, whether the dissatisfaction of an indigent accused with his court-appointed counsel warrants discharge of that counsel and appointment of new counsel is for the trial court, in its discretion, to decide. * * * "

State v. Thorne, 104 Ariz. 392, 453 P.2d 963 (1969); People v. Aikens, 70 Cal.2d 369, 74 Cal.Rptr. 882, 450 P.2d 258 (1969); State v. Miller, 460 P.2d 874 (Or.App. 1969).

■ The issue then, is whether the trial court abused its discretion in refusing to appoint substitute counsel. The reason given to the trial court for being dissatisfied with counsel was the advice to plead guilty and the comment about seeing defendant fry. The trial court questioned counsel. Counsel indicated he didn't recall the "fry" remark, but had indicated defendant should plead guilty to a lesser charge. This occurred after counsel had talked to at least some of the witnesses for the State. In response to the court's questions, counsel stated he had no animosity to defendant and could represent defendant in good faith. The trial court did not abuse its discretion in refusing to appoint substitute counsel. State v. Walker, supra; State v. Miller, supra.

■ After the trial court's ruling, defendant continued to refuse to allow counsel to represent him. At the court's suggestion, counsel remained in the courtroom, available for advice and assistance upon request. Although defendant questioned the witnesses, counsel did assist in matters relating to the presence of witnesses and clarification of one of the issues presented by defendant. Counsel also reviewed the proposed instructions. Even with defendant's attitude toward counsel, he was not deprived of assistance of counsel. State v. Thorne, supra.

Affirmed.

It is so ordered.

OMAN and HENDLEY, JJ., concur.