476 P.2d 65

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Manuel LUJAN, Defendant-Appellant.**

**No. 456.**

Court of Appeals of New Mexico.
June 26, 1970.

Jacob Carian, Albuquerque, for defendant-appellant.

James A. Maloney, Atty. Gen., Justin Reid, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

OMAN, Judge.

Defendant appeals from his conviction of burglary. We affirm.

■ He first asserts error on the part of the trial court in refusing his request to dismiss his court appointed counsel and to appoint another attorney to represent him. The attorney was appointed on December 9, 1968. The case was set for trial and was tried before a jury on Monday, February 24, 1969. On Friday, February 21, 1969, defendant and the attorney appeared before the court. The attorney stated their purpose in being before the court was to request that another attorney be appointed to represent defendant.

The attorney stated he was prepared to go to trial, but defendant requested another attorney be appointed to represent him. When the court asked defendant why he was dissatisfied with the attorney, he answered it was because the attorney had advised him to plead guilty and he did not want to so plead. In fact he did not so plead, but was found guilty by a jury.

On the morning of trial, the attorney moved for a continuance. The stated grounds were defendant was dissatisfied with the attorney, defendant was entitled to be represented by an attorney with whom he was not dissatisfied, and he was entitled

to be represented by an attorney who was adequately compensated for his services. The motion was denied and the trial proceeded.

The question here presented has very recently been decided by this court, and the decision is against defendant's position. State v. Salazar, 81 N.M. 512, 469 P.2d 157 (Ct.App.1970). See also, State v. Thorne, 104 Ariz. 392, 453 P.2d 963 (1969); People v. Aikens, 74 Cal.Rptr. 882, 450 P.2d 258 (1969); State v. Walker, 202 Kan. 475, 449 P.2d 515 (1969); State v. Miller, 460 P.2d 874 (Or.App.1969).

■ Under his second point, defendant claims error on the part of the trial court "* * * IN PERMITTING THE JURY TO FIND DEFENDANT GUILTY OF BURGLARY WHEN THERE WAS NO EVIDENCE OF ANY INTENT TO COMMIT THEFT OF ANYTHING OF VALUE."

Defendant was caught in a public school house on a Sunday afternoon by two police officers who had responded to a silent burglary alarm. He had no authority to be in the building, and had gained entrance thereto by breaking a window. When discovered, defendant sought to evade apprehension by running. The officers gave chase and caught him in one of the rooms. He was warned as to his constitutional rights, and promptly claimed he was too drunk to understand. However, the officers could smell no alcoholic odor on or about him and nothing about his appearance or behavior indicated he was intoxicated.

Upon being searched by the officers for weapons, they discovered and removed from his pockets a number of ball point pens, a box of pills, a manicuring set and a pocket knife, all of which were identified by the school principal as items taken from his desk or a storage cabinet in his office.

The evidence substantially supports a reasonable inference of defendant's intent to commit a theft in the school house which he had entered without authorization. State v. Serrano, 74 N.M. 412, 394 P.2d 262 (1964). Defendant would have us dis-

tinguish the present case from the Serrano case in that in the Serrano case the building entered was a store, while in the present case it was a school house. There can be no validity to this claimed distinction.

Under this second point, defendant also argues that no chain of custody was established for the items discovered on his person when searched. Assuming the issue is properly before us under this point, there is no merit to the contention. An officer identified the items as those discovered on defendant. The school principal identified them as the items taken. There was no objection to either identification. Further, no contention was made at trial that there had been any change in the condition of the items recovered from defendant. See State v. Harrison, 471 P.2d 193 (N.M.Ct.App. 1970).

Defendant's final point is that the "* * * COURT ERRED IN GIVING THE JURY CONFLICTING, AMBIGUOUS AND CONFUSING INSTRUCTIONS ON INTENT, * * *" The claimed error arises out of the fact that the court concededly instructed the jury correctly as to the requisite intent, but then instructed the jury that voluntary intoxication was no excuse or justification for crime.

No objection was made by defendant to the giving of any of these instructions. He cannot now be heard to complain, even if we were to concede there was error in the instructions as claimed. State v. Weber, 76 N.M. 636, 417 P.2d 444 (1966); State v. Carrillo, 80 N.M. 697, 460 P.2d 62 (Ct.App. 1969).

In any event, an instruction such as that here given as to voluntary intoxication is not necessarily inconsistent with instructions as to the requisite intent to constitute the offense charged. See State v. Lucero, 70 N.M. 268, 372 P.2d 837 (1962). The State's witnesses testified they detected nothing about defendant or his behavior to indicate he had been drinking or was intoxicated. Defendant and his two witnesses testified defendant was intoxicated, and de-

fendant claimed no recollection of having been in the school house. It was for the jury to determine the facts, and one of the essential facts to be determined was that of defendant's intent, upon which the jury was properly instructed.

The judgment of conviction should be affirmed.

It is so ordered.

WOOD and HENDLEY, JJ., concur.