482 P.2d 252

STATE of New Mexico, Plaintiff-Appellee,

v.

Johnny GONZALES, Defendant-Appellant.

No. 528.

Court of Appeals of New Mexico.

Jan. 22, 1971.

Certiorari Denied Feb. 22, 1971.

Rufus E. Thompson, Roswell, for defendant-appellant.

James A. Maloney, Atty. Gen., Santa Fe, James C. Compton, Jr., Asst. Atty. Gen., for plaintiff-appellee.

OPINION

WOOD, Judge.

Convicted of burglary, § 40A–16–3, N.M. S.A.1953 (Repl.Vol. 6), defendant appeals. The issues concern: (1) denial of motion to quash jury array; (2) sufficiency of the evidence; and (3) refusal of a requested instruction concerning lack of intent due to intoxication.

*Motion to quash jury array.*

In a prior criminal trial at the same term of court, the jury returned a verdict of not guilty. The trial judge excused the members of that jury from further service because they " * * * found a verdict of not guilty where there was no conflict of any consequence in the evidence by the State, and no witnesses whatever, were offered for the Defendant. * * *"

Prior to selection of the trial jury in this case, defendant challenged the jury array, claiming the members of the jury panel " * * * were not selected substantially in accordance with law * * *" Section 19–1–16, N.M.S.A.1953 (Repl.Vol. 4). Defendant asserts: (a) there was no good cause for the discharge of the jurors; (b) in the absence of a showing of good cause or in the absence of a request by a juror, the trial court was without authority to discharge the jurors; and (c) the discharge of the jurors because the trial court disagreed with their verdict deprived defendant of due process and equal protection of the law.

Prior to the enactment of Laws 1969, ch. 222, defendant's contentions had been answered. State v. Martinez, 52 N.M. 343, 198 P.2d 256 (1948); State v. Leatherwood, 26 N.M. 506, 194 P. 600 (1920); see State v. Williams, 76 N.M. 578, 417 P.2d 62 (1966). These decisions followed the view that a defendant could not acquire a vested right to have a particular member of a jury panel sit as a trial juror until the juror had been accepted and sworn. All that defendant had a right to was a fair and

impartial jury. If defendant had such a trial jury, the fact that a prospective juror had been improperly excused did not amount to reversible error.

Defendant does not claim that his trial jury was unfair or partial. His claims are based on the 1969 law compiled as §§ 19–1–1 through 19–1–16, N.M.S.A.1953 (Repl.Vol. 4). Contrary to the prior law, held to be directory in State v. Leatherwood, supra, he asserts the new law is mandatory and this mandatory new law did not permit the trial court to discharge the twelve jurors because it disagreed with their verdict.

Our disposition of this issue does not require a decision as to whether §§ 19–1–1 to 19–1–16, supra, are directory or mandatory. Assuming, for this case only, that the statute is mandatory, nothing in the statute prohibits the action taken by the trial judge.

Sections 19–1–1 through 19–1–11, supra, provide generally for selecting, summoning and qualifying jurors; they deal with who is eligible to become a member of a jury panel and who may be excused or exempted from being listed on a jury panel. These sections do not cover the situation here— jurors excused after becoming a member of a jury panel.

Sections 19–1–12 through 19–1–14, supra, pertain to petit jury panels and the selection and qualifying of trial jurors. Defendant does not claim that the members of the petit jury panel in his case, and the trial jurors selected from that panel, were selected and qualified in violation of these statutes.

Section 19–1–16, supra, permits a challenge to " * * * the jury panel on the ground that the members thereof were not selected substantially in accordance with law. * * * " Defendant does not attack the selection of those who were members of the panel; his attack is based on the fact that prior members of the panel had been excused.

■ The only provision in §§ 19–1–1 through 19–1–16, supra, which pertains to the fact situation in this case appears in § 19–1–12, supra. That section authorizes the district judge, with time limitations not applicable here, to determine " * * * the length of time jurors are retained for service. * * * " The trial court has authority to excuse jurors under this provision.

Since the trial court has authority, under the allegedly mandatory statute, to excuse jurors, the question is whether the trial court properly exercised that authority. The statute does not state the manner in which the authority is to be exercised. In State v. Rodriguez, 23 N.M. 156, 167 P. 426 (1917), LRA 1918A, 1016 (1918), our Supreme Court, without reference to any statutory provision, adopted the rule of law applied in State v. Martinez, supra, and State v. Leatherwood, supra. Thus, we assume, but do not decide, that the trial court excused the twelve jurors for an insufficient reason. This does not amount to reversible error because defendant had no vested interest in having a particular member of a jury panel sit as a trial juror before being accepted and sworn. Since defendant does not claim that the members of the trial jury were unfair or partial, the alleged error by the trial court in excusing the twelve jurors is not a basis for a new trial, and defendant has neither been deprived of due process nor of equal protection of the law.

*Sufficiency of the evidence.*

The following is undisputed. Defendant, Ramirez, Sanchez and Marquez rode around in a pick-up truck from 10:00 p. m. until 2 or 3:00 a. m. Throughout this time they were drinking. The four then went to defendant's house where they drank and talked. They were drinking beer and vodka. Only the amount Ramirez drank is identified; there is no evidence as to the amount defendant drank. At defendant's house, someone (unidentified) brought up the question of breaking into a package liquor store. The idea was opposed by Ramirez. Nevertheless, all four got into the pick-up truck and drove to the liquor store, with the intent of breaking into the store. Upon arriving at the store, one of

the men took a sledgehammer from the pick-up.

About 4:30 a. m. the alarm in a package liquor store was activated. Responding to the alarm, police officers went to the store. They observed broken windows on the north and northeast side of the store; liquor bottles scattered (some broken) inside the store; one liquor bottle broken outside one of the broken windows; and drops of blood near one of the broken windows. The officers saw two persons running from the scene; both were apprehended. One was Sanchez who, when apprehended, had two liquor bottles. A broken liquor bottle was nearby. The other person was defendant. Defendant had no liquor on him when caught. When apprehended, defendant gave his name as Herrera. The manager of the liquor store testified as to items "missing" from the store and as to items that had been "broken."

There is a conflict in the evidence as to whether it was defendant or Sanchez who had a cut on his thumb when caught.

Ramirez testified that he was pretty drunk and that defendant was intoxicated. He testified that he "thought" that defendant opposed the idea of breaking into the store during the discussion at defendant's house. He testified that he was uncertain as to whether defendant got out of the pick-up when the four arrived at the liquor store. He admitted to prior testimony to the effect that defendant, Sanchez and Marquez got out of the truck upon arrival at the store. Ramirez admitted that when he saw the officers he drove off, and at that time he was alone.

Defendant claims: (1) there is no evidence of unauthorized entry and (2) there is no evidence that defendant committed the burglary. On this basis he contends the trial court erred in denying his motion for an acquittal because of insufficient evidence.

The rules applicable to these two claims are: we view the evidence in the light most favorable to the State; we also resolve conflicts in the evidence and indulge all permissible inferences in favor of the verdict. State v. Parker, 80 N.M. 551, 458 P.2d 803 (Ct.App.1969); State v. Kennedy, 80 N.M. 152, 452 P.2d 486 (Ct.App.1969). Under these rules, defendant's claims as to the sufficiency of the evidence are without merit.

■ Defendant's claim of no evidence of unauthorized entry is based on the failure of the store manager to testify whether the entry was authorized or unauthorized. While there is no direct testimony of unauthorized entry, there is circumstantial evidence which shows an unauthorized entry. It is: going to the store with the intent of breaking in; the sledgehammer; the broken windows; the flight from the scene; and the "missing" bottles of liquor. Circumstantial evidence may be used to establish an unauthorized entry. See State v. Slade, 78 N.M. 581, 434 P.2d 700 (Ct.App. 1967). The circumstances here point unerringly to an unauthorized entry and thus meet the requirements of proof by circumstantial evidence.

Defendant's second claim, that there is no evidence that he committed the burglary, has two points. First, he asserts the only direct evidence against defendant is that he was present at the scene and presence alone is insufficient for conviction. See State v. Harrison, 81 N.M. 324, 466 P.2d 890 (Ct.App.1970). Second, he contends the circumstantial evidence is insufficient to sustain his conviction as an aider and abettor. See State v. Hardison, 81 N.M. 430, 467 P.2d 1002 (Ct.App.1970); State v. Harrison, supra.

■ Arguing in support of this second claim, defendant reviews the evidence in a light most favorable to defendant. This is an improper approach; we review the evidence in the light most favorable to the State. State v. Parker, supra; State v. Kennedy, supra. A proper review of the evidence shows that defendant went to the liquor store in the group which intended to break in; he left the pick-up with Sanchez and Marquez when they arrived at the store; he fled when the officers arrived;

and he gave a false name when apprehended. This is not direct evidence that defendant committed the crime. It is circumstantial evidence that he committed the crime.

Defendant claims the circumstantial evidence is insufficient because it fails to exclude every reasonable hypothesis other than his guilt. State v. Hardison, supra. We disagree. Defendant's flight indicates a consciousness of guilt. State v. Beachum, (Ct.App.), 82 N.M. 204, 477 P.2d 1019, decided November 6, 1970. This flight, together with the circumstances that defendant came to the store with intent of breaking in, and gave a false name when arrested, absent an explanation of his reasons or motive, permits an inference of guilt. State v. Rodriguez, supra; see State v. Davis, 80 N.M. 347, 455 P.2d 851 (Ct.App. 1969). The circumstances exclude every reasonable hypothesis other than defendant's guilt and are sufficient to sustain the conviction.

■ Apart from the question of defendant having committed the burglary, there is also evidence that defendant was an aider and abettor to the others who committed the burglary. Aiding and abetting is established by evidence of a community of purpose; a shared criminal intent in the unlawful undertaking. State v. Harrison, supra. The evidence shows aiding and abetting if it shows that by any of the means of communicating thought defendant incited, encouraged or instigated commission of the offense or made it known " * * * that commission of an offense already undertaken has the aider's support or approval. * * *" State v. Ochoa, 41 N.M. 589, 72 P.2d 609 (1937). The circumstantial evidence reviewed above shows, at the least, that defendant encouraged the burglary by going with the others to the store with an intent to break into the store and, upon arrival, left the pick-up with Sanchez and Marquez, one of whom had the sledgehammer.

There being sufficient evidence to sustain defendant's conviction, the trial court did not err in denying the motion for acquittal.

*Refused instruction concerning lack of intent due to intoxication.*

Defendant requested an instruction concerning his intent to commit the burglary. The instruction would have told the jury to acquit defendant if he " * * * did not have the intent to commit the unlawful act of burglary as a result of intoxication, * * *" He claims the refusal of this requested instruction was error.

■ Intoxication may be shown to negative the existence of the required intent. Where defendant claims an absence of intent due to intoxication, the issue of intent is for the jury. State v. Rayos, 77 N.M. 204, 420 P.2d 314 (1967). We assume, but do not decide, that under the facts of this case, defendant would have been entitled to an instruction concerning a lack of intent. See State v. Lujan, 82 N.M. 95, 476 P.2d 65 (Ct.App.1970).

■ The requested instruction as to lack of intent was, however, properly refused because of its wording. It would have told the jury to consider " * * * the fact that the accused was intoxicated * * *" Whether defendant was intoxicated, under the evidence, was not a fact to be declared by the court; rather, it was for the jury to determine whether defendant was intoxicated. Compare State v. Lujan, supra. "In order to preserve error for review because of the failure of the trial court to instruct upon a specific issue or defense, the defendant must tender a proper instruction on the issue. * * *" State v. Williams, supra. As worded, the requested instruction was not proper because it would have required the jury to accept, as a fact, a matter which was for the jury to decide. Accordingly, the trial court did not err in refusing the instruction.

The judgment and sentence are affirmed.

It is so ordered.

SPIESS, C. J., and LA FEL E. OMAN, Justice, Supreme Court, concur.