489 P.2d 1183

STATE of New Mexico, Plaintiff-Appellee,

v.

Calvin D. WILLIAMS, Defendant-Appellant.

No. 697.

Court of Appeals of New Mexico.

Oct. 8, 1971.

James F. Beckley, Nordhaus & Moses, Albuquerque, for appellant.

David L. Norvell, Atty. Gen., Frank N. Chavez, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

WOOD, Chief Judge.

Convicted of three armed robberies, § 40A-16-2, N.M.S.A.1953 (Repl.Vol. 6), defendant appeals. Defendant claims error on the basis that the trial court forced defendant to be represented by counsel not of his own choice.

A letter dated two days prior to trial was received by the trial court on the morning of and immediately prior to beginning the trial. In this letter, defendant stated that court-appointed counsel was no longer representing him, listed three "reasons" why defendant did not want to be represented by court-appointed counsel and asked that a new attorney be appointed. At the trial court's suggestion counsel responded to the "reasons." Counsel pointed out that the first time he knew of defendant's desire for a change of attorney was after counsel had been unable to obtain a continuance of the trial date as defendant desired. Counsel indicated he had promptly reported defendant's desire for a change of attorney. The trial court denied the request for a change of attorney. It stated:

"* * * The Court feels it is only for the purpose of delay. * * *"

Defendant then presented a document entitled "Affidavit of Disqualification", which, in essence, repeated the "reasons" in his letter, asked the trial court to disqualify court-appointed counsel from future representation of defendant, and again asked the trial court to "* * * appoint legal counsel to represent petitioner." The trial court again denied the request.

Defendant then stated: "* * * I would like to make a record I disqualified Mr. Pittman as my attorney. I do not have an attorney representing me as of this moment." The court's response was: "The Court will have Mr. Pittman represent you as I stated, and we will continue with this trial. * * *"

The Brief in Chief states: "* * * Defendant does not claim that the denial of his motion for another attorney is error. The error committed by the trial court upon which this Appeal is based is that the trial court forced him to be represented by Mr. Pittman."

We agree there was no error by the trial court in denying the request for a change of attorney. State v. Lujan, 82 N.M. 95, 476 P.2d 65 (Ct.App.1970); State v. Salazar, 81 N.M. 512, 469 P.2d 157 (Ct.App. 1970). As to the timing of the request and the attempted delay, see State v. Gutierrez, 82 N.M. 578, 484 P.2d 1288 (Ct.App.1971); State v. Guy, 82 N.M. 483, 483 P.2d 1323 (Ct.App.1971.)

Nor was there error because Mr. Pittman did in fact represent defendant at the trial. Defendant would have us hold that he waived his right to be represented by counsel after the request for a change of attorney was denied. The record is to the contrary. Defendant was not seeking to defend himself; he was seeking a change of attorney. There is no issue as to waiver of the right to counsel. See Hudson v. North Carolina, 363 U.S. 697, 80 S.Ct. 1314, 4 L.Ed.2d 1500 (1960);

Hodge v. United States, 414 F.2d 1040 (9th Cir. 1969).

▮ Although defendant had no right to a change of attorney, and never asserted that he desired to defend himself, defendant claims it was error for the trial court to require Mr. Pittman to continue in the case. No contention is made that defendant was prejudiced by the representation of Mr. Pittman; defendant simply didn't want Mr. Pittman as his attorney. See Hodge v. United States, supra. The claim then is no more than a claim that defendant had a right to choose his court-appointed counsel. He had no such right. State v. Lujan, supra; State v. Salazar, supra.

The judgment and sentence is affirmed. It is so ordered.

HENDLEY and COWAN, JJ., concur.