466 P.2d 899

STATE of New Mexico, Plaintiff-Appellee,

v.

Gilbert Salas MORALES, Defendant-Appellant.

No. 399.

Court of Appeals of New Mexico.

March 6, 1970.

Certiorari Denied March 23, 1970.

---

Paul Kelly, Jr., Hinkle, Bondurant & Christy, Roswell, for appellant.

James A. Maloney, Atty. Gen., Santa Fe, Robert J. Young, Asst. Atty. Gen., for appellee.

## OPINION

SPIESS, Chief Judge.

Defendant, Gilbert Salas Morales, was convicted by a jury of armed robbery (§ 40A–16–2, N.M.S.A.1953, Repl.Vol. 6). This appeal is taken from the judgment on the verdict.

On March 30th, 1969, at approximately 11:00 o'clock P.M., Bennito Lujan was awakened by two persons who sought entry to his home. He turned on the light and admitted both of them. Upon entering the house they attacked Lujan, threatened him with a butcher knife, demanded and took a sum of money from him.

Lujan had known one of the assailants, a Raymundo Moreno Franco, for some time. He had seen the other assailant in the company of Franco at his home during the afternoon before the robbery and again during the robbery.

Two points are relied upon for reversal involving issues relating to a pre-trial identification of defendant by Lujan and the denial by the trial court of a request for a psychiatric examination. We will discuss these points in the order of their presentation in defendant's brief.

By the first point defendant contends that his "constitutional rights were violated by the failure to advise him of his right to have an attorney present at a pre-trial confrontation, and the court erred in denying defendant's motion to strike complainant's. identification."

Additionally, the argument is made that. the procedure employed in showing defendant to the victim, Lujan, was unnecessarily suggestive and conducive to mistaken identification, resulting in a denial of due process. A pre-trial motion presented by defendant was designed to preclude the victim, Lujan, from making an in-court identification of defendant.

The grounds of objection to the in-court identification are (1) that identification of defendant by the victim, Lujan,. would be predicated upon a lineup conducted without according defendant the benefit of the presence of counsel; and, (2) defendant was not advised of his right to have an attorney present at the lineup. Thus, defendant claims a violation of a Sixth Amendment right to counsel under Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967); and United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); and an illegal extra-judicial identification in violation of his right to due process of law under Stovall v.

Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed. 2d 1199 (1967).

An evidentiary hearing upon the pre-trial motion was had out of the presence of the jury. In support of the motion, defendant presented the testimony of one witness, an Officer Barela, who was questioned by defendant, the prosecution and the court. In summary, Officer Barela's testimony reveals the following:

The officers investigating the robbery, including Barela, suspected that defendant, Morales, had participated with Franco in robbing Lujan and sought an interview with Morales. During the morning following the robbery Morales was located at his home and there interviewed by Officer Barela. Upon meeting defendant the officers informed him that they were conducting an investigation relating to the robbery of Lujan and defendant was forewarned and advised of his rights in accordance with the requirements set forth in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974 (1966).

Defendant expressly denied that he had participated in any manner in the robbery. Officer Barela then suggested that defendant confront the victim, Lujan, who was then at a doctor's office located about a block from defendant's home. Defendant agreed to go with the officers to see and be seen by Lujan. Barela informed defendant that he was not under arrest and was not required to go to the doctor's office. It appears that defendant nevertheless willingly accompanied the officers.

When the defendant and the officers arrived at the doctor's office several persons were standing in the street in front of the building. Defendant joined them. He was the only young person and the only Spanish-American in the group. Lujan was called to view the persons in front of the office and he immediately identified Morales as one of those who had robbed him the previous night.

Barela testified that in warning defendant of his rights he did inform him, among other matter, that "he had a right to have an attorney present at all times." He did not specifically state to defendant that he could have an attorney with him when he went to the doctor's office to confront Lujan.

Upon the conclusion of this testimony, defendant having rested upon this issue, the trial court denied the motion.

The trial court's ruling was treated as permitting an in-court identification of defendant, Morales, by Lujan. The argument as we have stated, is that the in-court identification was in violation of *Gilbert*, *Wade* and *Stovall*. Both *Gilbert* and *Wade* involved a post-indictment lineup conducted without notice to appointed counsel. In each case the lineup was treated as a critical stage of the prosecution at which defendant was entitled to the assistance of counsel. *Stovall* did not involve a post-indictment lineup but did involve a lineup, or show up conducted by the police without affording Stovall time to secure the assistance of counsel.

In the instant case it is shown that defendant was neither placed under arrest, nor detained but was specifically advised that he was not under arrest and not required to accompany the officers to the confrontation. It is further disclosed that defendant was advised of his right to have an attorney present at all times. After being so informed, defendant nevertheless accompanied the officers and willingly participated in the lineup or show up. If we assume the pre-trial confrontation to have been a critical stage of the prosecution and to have been illegal on the ground that the accused's right to counsel was violated, or because the confrontation constituted a denial of due process, such error would not, however, prevent a valid in-court identification if it be established by " * * * clear and convincing evidence that the in-court identifications were based upon ob-

servations of the suspect other than the lineup identification." United States v. Wade, supra.

■ The record here discloses that the in-court identification in question had its basis in two independent sources sufficient to remove it from the strictures of *Wade*.

First, Lujan met the defendant, Morales, at his home during the afternoon prior to the robbery. At that time both defendant and Franco conversed with Lujan and obtained a sum of money from him. Although this visit was of short duration it is clear that Lujan had ample opportunity at that time to observe the defendant. Further, defendant admitted being at Lujan's house during the particular afternoon. Next, it is shown that immediately prior to the robbery Lujan had turned on the light in his house and admitted the robbers. The faces of both robbers were exposed to Lujan during the commission of the crime. Consequently, on both occasions Lujan came face to face with defendant, Morales. In our opinion, it is established by clear and convincing evidence that the in-court identification was based upon sources other than the lineup or show up.

Further, we conclude that no showing was made by defendant from which it can properly be said that the lineup or show up "resulted in such unfairness that it infringed his right to due process of law." Stovall v. Denno, supra. Thus, the in-court identification was properly received in evidence.

Defendant's final contention is that "the court erred in denying a timely request for a psychiatric examination." The defendant submitted a pre-trial motion requesting a court order that defendant be sent "to the New Mexico State Hospital, Las Vegas, New Mexico, for psychiatric examination and evaluation to determine if said defendant was either insane or incompetent at the time of the alleged offense and/or is competent to stand trial at the present time."

The grounds of the motion are: (1) "[t]hat the undersigned Attorney has been unable to satisfactorily communicate with the above named Defendant, and it is his opinion that said Defendant is not competent to help and participate in his own defense in the cause," and (2) "[t]hat it is the opinion of the undersigned attorney that Gilbert Morales does not understand the gravity or the nature of the charges presently filed against him."

A hearing upon the motion was had during which counsel for defendant repeated the allegations of the motion stating: "I don't think Mr. Morales understands the nature or gravity of these charges. I don't think that he is able to assist me in the preparation of his defense."

Counsel also offered to be sworn and testify upon the motion. The court declined counsel's offer, stating that he did not feel that counsel was competent to so testify. The trial court further said that he did not consider counsel's statement to be sufficient to warrant the examination.

The defendant and one of the officers who had been acquainted with defendant "all of his life" were interrogated by defendant and the court. After this testimony was concluded the court denied defendant's request for the examination, holding that the mental competency of defendant was not questionable; consequently, no basis for a psychiatric examination was presented.

Defendant does not question the trial court's conclusion upon the material submitted in support of the motion. He argues that the motion was submitted pursuant to § 41–13–3.2, N.M.S.A.1953 (1969 Supp.); that the statute is mandatory and upon the filing of the motion pursuant to the statute the court has no discretion but to order the requested examination. The language of § 41–13–3.2, supra, follows:

"Upon motion of any defendant, the court shall order a mental examination of the defendant before making any determina-

tion of competency under sections 41–13–3 or 41–13–3.1 New Mexico Statutes Annotated, 1953 Compilation. Where the defendant is determined to be indigent, the court shall pay for the costs of the examination from funds available to the court."

■ It seems apparent to us that defendant has considered § 41–13–3.2, supra, as an isolated statute. It is, however, one of the provisions of Chapter 231, Laws of 1967. Another section and one we consider material in determining the issue presented is § 41–13–3.1, N.M.S.A.1953 (1969 Supp.):

"Whenever it appears, * * * at any stage of a criminal proceeding that there is a question as to the mental competency of a defendant to stand trial, any further proceeding in the cause shall be suspended until the court, without a jury, determines this issue. * * *"

These provisions of the entire Act should, in our opinion, be read and considered together in arriving at a proper meaning or legislative intent. See Drink, Inc. v. Babcock, 77 N.M. 277, 421 P.2d 798 (1966). Giving consideration to both of these provisions, it is our view that an examination is not necessary, nor is the court required to grant a motion seeking such examination unless there is a question as to the mental capacity of defendant. See State v. Hovey, 80 N.M. 373, 456 P.2d 206 (Ct.App.1969). 1969).

The court concluded, as we have stated, that no such question was presented. In view of the testimony adduced we do not consider that the court erred in denying defendant's motion. Authorities cited by defendant do not require a contrary conclusion.

The Judgment is affirmed.

It is so ordered.

OMAN and WOOD, JJ., concur.