483 P.2d 510

STATE of New Mexico, Plaintiff-Appellee,

v.

Roland Dee STOUT, Defendant-Appellant.

No. 594.

Court of Appeals of New Mexico.

March 19, 1971.

Leon Taylor, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Thomas Patrick Whelan, Jr., Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Judge.

The three issues in this appeal from an armed robbery conviction, § 40A–16–2, N.M.S.A. 1953 (Repl.Vol. 6), pertain to defendant's incriminating statement. Defendant claims: (1) the statement was obtained through trickery and without a knowing and intelligent waiver of the right to counsel; (2) the trial court did not make an adequate determination of whether the statement was voluntary; and (3) portions of the statement were inadmissible because of reference to other crimes.

*Obtaining the statement.*

At the time defendant made his statement he did not have the advice of counsel. Defendant claims " * * * [h]e was not advised of his rights at the time of his arrest or at any time during his in-

terrogation. The first hint of advice as to rights comes in the form at the top of the statement, which Defendant signed for the police. Assuming * * * Defendant read this advice, there has been no showing by the State that he understood them in fact. * * * Perhaps the most shocking aspect of the case at bar is the use of Defendant's twin brother as a hostage to coerce Defendant into signing a confession. * * *" Defendant also claims the wording of the statement was not his; "* * * the interrogating officer instructed the secretary as to what to put into the confession. * * *"

The evidence on each of these claims is conflicting. There is evidence that defendant was advised of his rights on the ride to the police station; that there was no interrogation during the ride but that defendant remarked: "'* * * I don't need a lawyer because I didn't do anything.'" There is evidence that upon arrival at the police station defendant was again advised of his rights and he indicated that he understood what the officer was talking about. There is evidence that he was interrogated for about one hour before he gave the statement. Before giving the statement, he was again advised of his rights and filled in the blanks at the beginning of the typewritten statement. The officer testified the statement was "* * * a true and accurate transcription of what Mr. Stout said * * *" There is a flat denial that defendant was told "* * * that if he would confess or tell you about the crime you would let his [twin] brother go."

The trial judge resolved the conflicts and ruled the statement was admissible. There being substantial evidence supporting the ruling, we cannot say, as a matter of law, that the ruling was error. State v. Burk, (Ct.App.), No. 563, decided February 19, 1971; State v. Briggs, 81 N.M. 581, 469 P.2d 730 (1970).

*Adequacy of the trial court's determination.*

■ Before permitting a defendant's statement to be submitted to a jury, the trial court is required to "fully and independently" resolve the question of voluntariness. Not only must the judge's conclusion be "clearly evident," but his findings on disputed factual issues must either be expressly stated or ascertainable from the record. These requirements are discussed in State v. Burk, supra.

Here, as in State v. Burk, supra, there is superficial support in the record for the claim that the trial court did not adequately determine the admissibility of the statement. Here, as in *Burk,* there is no specific ruling on disputed factual issues. At one point, the trial court remarked: "* * the Court is ruling that there is enough evidence to go to the jury under proper instructions * * *" At another point, the trial court stated: "I'm not ruling there was no coercive element. That is a question of fact for the jury. * * *"

However, the trial court conducted a pretrial hearing on the admissibility of the statement. After hearing the evidence, it ruled "* * * as a matter of law there is enough evidence to go to the jury * *", and that the statement would be admissible at trial. His findings on disputed factual issues are clearly ascertainable from the record; it is clear, from the court's remarks, that it believed the officer's testimony and did not believe the defendant. The trial court's remarks, in context, are that the statement was obtained in compliance with legal requirements and was admissible although the final decision concerning the statement was for the jury. State v. Burk, supra; compare State v. Soliz, 79 N.M. 263, 442 P.2d 575 (1968).

*Reference to other crimes in the statement.*

■ Defendant asked that references to other crimes in the statement be deleted. Generally, it is error to admit evidence of other offenses. One exception permits evidence of other crimes when this evidence tends to establish the identity of the defendant. State v. Turner, 81 N.M. 450, 468 P. 2d 421 (1970); State v. Lopez, 80 N.M. 599, 458 P.2d 851 (1969), cert. denied, 398

U.S. 942, 90 S.Ct. 1860, 26 L.Ed.2d 279 (1970).

Defendant's statement referred to two offenses in addition to the one for which he was on trial. The prosecutor claimed this reference tended to establish the identity of defendant as the perpetrator of the robbery for which he was being tried. We agree.

The identity issue was apparent as early as the hearings on the pre-trial motions. The issue of identity arose because of defendant's twin, described at times as an identical twin. Cross-examination, prior to introduction of the statement, went to the certainty of the identification of defendant. As a result of this cross-examination, there was a question as to whether the perpetrator of the robbery was defendant or his twin.

The evidence was uncontradicted that three persons committed the robbery. Defendant's statement identifies himself as one of three persons who not only committed the robbery but the two other offenses in a continuous sequence immediately preceding this robbery. Additionally, in the light of the alibi defense, admission of the entire statement was proper. The reference to the two additional offenses did tend to identify defendant as one of the three robbers. The trial court did not err in refusing to delete the reference to the two additional offenses. State v. Gutierrez, 79 N.M. 732, 449 P.2d 334 (1968).

The conviction and sentence is affirmed.

It is so ordered.

SPIESS, C. J., and SUTIN, J., concur.