484 P.2d 357

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Ralph Edward McCARTY, Defendant-Appellant.**

No. 534.

Court of Appeals of New Mexico.

April 9, 1971.

Manford W. Rainwater, Tucumcari, for defendant-appellant.

James A. Maloney, Atty. Gen., C. Emery Cuddy, Jr., Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

HENDLEY, Judge.

Defendant was convicted of armed robbery (§ 40A–16–2, N.M.S.A. 1953 (Repl. Vol. 1964)). His sole point on appeal is:

"Accused was Denied His Constitutional Rights Under the Sixth Amendment of the United States Constitution, as Made Applicable to the States by the Fourteenth Amendment to the United States Constitution, when the Prosecuting Witness Made a Court Room Identification of the Accused after the Accused had

been Exhibited to the Witness Before Trial at a Confrontation for Identification Purposes Without Counsel."

We affirm.

On February 26, 1970, the night clerk at the Royal Palacio Motel was robbed at gun point by two assailants. As soon as the robbers left, he called the police giving notice of the robbery and a description of the robbers. The police went to various motels looking for the robbers. At the Holiday Inn, defendant and a companion were identified by the night clerk as the men who robbed him approximately two hours earlier.

Defendant contends that the confrontation at the Holiday Inn was a tainting of the in-court identification in that " * * * the state failed to show that the prosecuting witness's testimony had an independent basis or failed to show that the witness was relying only on what he saw at the time of the robbery."

We cannot agree. The record discloses that the in-court identification was based on what the victim saw when he was robbed. Further, the trial court held a hearing out of the presence of the jury to make such a determination. This independent hearing culminated in the court's question to the witness whether he could identify the two robbers purely from what he observed during the robbery at the Palacio Motel. The witness affirmed that fact.

The foregoing, together with the witness's account of the robbery, which took from three to five minutes, and the fact that the robbers were not masked, is adequate support for the court's ruling that the in-court identification was based solely on what the witness observed at the time of the robbery. See State v. Morales, 81 N.M. 333, 466 P.2d 899 (Ct.App.1970); State v. Torres, 81 N.M. 521, 469 P.2d 166 (Ct.App.1970), cert. denied 81 N.M. 506, 469 P.2d 151 (1970).

Defendant contends that the decisions of Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967) and United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967) are controlling on his claim of having been denied the right to counsel at the Holiday Inn confrontation. The State contends that *Wade* and *Gilbert* should be limited to post-indictment identification as was done in People v. Palmer, 41 Ill.2d 571, 244 N.E.2d 173 (1969) and People v. Almengor, 268 Cal. App.2d 614, 74 Cal.Rptr. 213 (1969).

We hesitate to adopt any fixed rule which would go beyond Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967) wherein it is stated that it is "the totality of the circumstances", as revealed by the record, which must be considered.

The issue is not whether defendant's rights were violated by not having counsel at the Holiday Inn confrontation, but whether there was error, as a matter of law, when the trial court ruled, in an independent hearing, that the in-court identification was independent of any pretrial confrontation and that the in-court identification was thus admissible. See State v. Torres, supra.

Having determined this issue in favor of the State, we affirm.

It is so ordered.

SPIESS, C. J., and WOOD, J., concur.