484 P.2d 1291

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Danny BALDONADO, Defendant-Appellant.**

No. 627.

Court of Appeals of New Mexico.

April 30, 1971.

Robert B. Stephenson, Nordhaus & Moses, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Santa Fe, Ray Shollenbarger, Sp. Asst. Atty. Gen., for plaintiff-appellee.

OPINION

WOOD, Judge.

Defendant appeals his conviction of rape and aggravated assault. Sections 40A–9–2 and 40A–3–2, N.M.S.A.1953 (Repl.Vol. 6). The issue involves the victim's out-of-court identification of defendant from a photograph. The claim is that this extra-judicial identification was unnecessarily suggestive and conducive to irreparable mistaken identification. See State v. Torres, 81 N.M. 521, 469 P.2d 166 (Ct.App.1970).

During the rape, which occurred in the victim's home at night, the victim removed a wallet from a back pocket of the pants of the rapist. When police arrived to investigate the crime, she handed the wallet to an officer. She had not looked inside the wallet. The officer took a driver's license from the wallet, showed the victim the picture on the license and asked: "Is this the man?" According to the officer, the victim looked at the picture "real close" and said: " 'That's the man that was in the house.' "

Later in the morning, the victim went to the police station to sign a complaint. After the victim gave a description of the intruder, another officer showed the victim pictures taken from the wallet. One was the picture on the driver's license. Another was a picture of a person in military uniform. She again identified the intruder as the person shown in the photographs; " * * * the driver's license looked more like him than the one in uniform did."

Defendant argues that showing the photographs to the victim suggested an identification. " * * * She naturally assumed that the picture taken from the billfold must be the picture of her attacker." In support of this contention, he cites various cases. None need be reviewed because all are distinguishable by their facts.

The facts here show the only light in the room was from a heater. The victim stated: " * * * the room was bright enough that I could see"; that she was able to see the defendant by this light; that she could see the room well.

The victim's testimony is to the effect that the intruder was in her presence for approximately an hour and forty minutes. At the police station she described the intruder by height, style of haircut and "big lips."

According to the victim, she had never seen her assailant prior to the crime, and did not see him again until the time of trial. At the trial, the victim picked the defendant out from a group of people and testified she identified him from the memory she had of him from the night of the rape. She never identified anyone other than defendant.

Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968) states:

"Despite the hazards of initial identification by photograph, this procedure has been used widely and effectively in criminal law enforcement, * * * The danger that use of the technique may result in convictions based on misidentification may be substantially lessened by a course of cross-examination at trial which exposes to the jury the method's potential for error. We are unwilling to prohibit its employment, * * * Instead, we hold that each case must be considered on its own facts, and that convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. * * * "

Here, it is not suggested that it was unnecessary to resort to photographic identification. The assault with a knife and the rape had occurred only a short time earlier. The perpetrator was at large. It was essential that the officer swiftly determine whether he was on the right track. The justification for the officer asking "is this the man" was compelling.

There was little chance, under the circumstances of the case, that showing the victim the driver's license photograph led to misidentification of defendant. The victim had been with the rapist more than an hour and a half. She had seen the rapist by the available light throughout this period of time. She took a good look at the driver's license photograph before making the identification. The question "is this the man" does not suggest identification. The only suggestive aspect is that the victim knew the driver's license came from the wallet she had taken from the rapist's pocket.

There was no tentative identification and no identification of any other person. Notwithstanding cross-examination, the victim displayed no doubt as to her identification of defendant. Further, she picked defendant from a group of people in the courtroom. Compare Simmons v. United States, supra.

We hold the officer's conduct was not impermissibly suggestive. Under the circumstances of this case we cannot say there is a substantial likelihood of misidentification. Thus, answering defendant's specific claim, it was not error to admit evidence of the out-of-court identification of defendant from the photographs, and the in-court identification was not inadmissible because of taint by an illegal pretrial identification.

The judgment and sentences are affirmed.

It is so ordered.

SPIESS, C. J., and HENDLEY, J., concur.