488 P.2d 115

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Loarn Anthony BISWELL, Defendant-Appellant.**

**No. 611.**

Court of Appeals of New Mexico.

July 16, 1971.

Certiorari Denied Aug. 17, 1971.

Mack Easley, Easley & Reynolds, Hobbs, for defendant-appellant.

David L. Norvell, Atty. Gen., Jay F. Rosenthal, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

Defendant was convicted of receiving stolen property valued in excess of $100.00 in violation of § 40A–16–11, N.M.S.A.1953 (Supp.1969). Defendant appeals contending that the trial court erred in permitting the district attorney to cross-examine him in regard to certain convictions of city ordinances and a federal firearms act violation.

We affirm.

Defendant's first contention regards the district attorney's cross-examination as to whether defendant had been convicted of a federal firearms act violation and his comments in connection therewith. Defendant asserts that the district attorney's statement in this regard was so prejudicial that he was denied his constitutional right to a fair and impartial trial.

The record regarding this matter is as follows:

"Q. Have you been convicted of a federal firearms act violation?

"A. Convicted? No.

"MR. EASLEY: Court please, the District Attorney is trying—I object to the question, for the reason that he has not phrased it and has not asked when, where and what court.

"Q. On the 25th of May, 1970, here in the Federal Court, on a charge of federal firearms violation? I believe the specific charge is failure to have a firearms license, federal firearms license, and you were represented by

Mr. Easley.

"MR. EASLEY: Court please, the District Attorney knows there has been no conviction in that case. I am sure he is well aware of it, and I think it is highly prejudicial to the Defendant at this time, and I move that the Court

so instruct the Jury to disregard any reference to it.

"MR. HANAGAN: My understanding is that there was a conviction. It is on appeal, but the conviction still remains in effect until such time as the appeal overturns it, and it is a proper question.

"MR. EASLEY: If the Court please, that is not right, and at this time I would like to make a motion, your honor.

"THE COURT: Well, just let me inquire. Mr. District Attorney, do you have any authority that supports your position that if the matter is on appeal, that you have a right to make inquiry about it?

"MR. HANAGAN: Your honor, it is my understanding that the conviction remains in effect until such time as the appeal does away with it.

"THE COURT: I don't know if that is true or not. Absent some authority, I am going to rule that the question is improper. The Jury will disregard the question having to do with the firearms violation, and will not use that in any manner in your consideration of this case and will wholly disregard any reference to such a conviction.

"MR. EASLEY: Court please, May I make an additional motion?

"THE COURT: You may.

"MR. EASLEY: Court please, I move that the Court declare a mis-trial in this case, for the reason that the inquiry that has been made by the District Attorney here, is so highly prejudicial to the Defendant, that it can not—the content of the examination can not be readily dismissed from the minds of these Jurors sitting in this case, and that it would be an impossible —be an impossibility for them to dismiss this from their minds.

"THE COURT: Motion will be denied."

We agree with defendant that when a witness denies a conviction that under §

20–2–3, N.M.S.A.1953 (Repl. Vol. 1970) the opposite party may prove such conviction. We further agree that such proof was never tendered. We, however, fail to see how the failure to prove the conviction and the colloquy quoted above was so prejudicial to the defendant that he was denied his constitutional right to a fair and impartial trial.

This case is controlled by State v. Garcia, 80· N.M. 247, 453 P.2d 767 (Ct.App.1969) wherein it stated:

> ·:" * * * If a prosecutor inquires concerning a prior conviction and is unable to prove the conviction, a determination as to whether he acted improperly depends on the facts and circumstances. Here the record does not show whether the District Attorney was able to refute the denial. In fact, the record does not disclose the nature of the District Attorney's information concerning the prior forgery conviction. Accordingly, we do not have sufficient information before us to hold, as a matter of law, that the District Attorney acted improperly in asking about 'any other' convictions."

See also State v. Paul, 80 N.M. 521, 458 P.2d 596 (Ct.App.1969). Here, the record does not disclose the nature of the district attorney's information so we cannot say the district attorney proceeded either improperly or in bad faith in asking the question.

Although defendant's position in the colloquy is ambiguous, the trial judge understood defendant's position to be that the State cannot cross-examine a defendant about a conviction pending on appeal. We do not answer this question, however, see State ex rel. Chavez v. Evans, 79 N.M. 578, 446 P.2d 445 (1968). We do not reach this question because the record does not show there was a conviction pending on appeal. The colloquy assumes such a conviction but there is nothing in the record which shows this. See State v. Carlton, 82 N.M. 537, 484 P.2d 757 (Ct.App.1971). Apart from the district attorney's "understanding" on this question, the record is silent. The district attorney's "understanding" does not establish that such a conviction existed. See State v. Maes, 81 N.M. 550, 469 P.2d 529 (Ct.App.1970). As to the district attorney's questioning concerning a conviction he "understood" to be pending on appeal, we cannot say he proceeded in bad faith in light of State ex rel. Chavez v. Evans, supra.

■ Defendant asserts that the trial court's admonition was insufficient to cure the "highly prejudicial" effect of the question asked by the district attorney. We cannot say from this record that the district attorney's question was either proper or improper, thus, we cannot say that defendant was prejudiced. Thus we do not reach the question of whether the admonition "cured" the asserted prejudice. Defendant also asserts the district attorney's "comments" during the colloquy were prejudicial. We do not consider this argument because it is raised for the first time on appeal.

Defendant also urges other New Mexico cases dealing with the limits of cross-examination going beyond the bounds of the name of the particular offense and fact of conviction. These cases are not applicable since the record here clearly shows that cross-examination of the district attorney concerned itself solely with the fact of conviction. All other statements made in this context were addressed to the court as legal argument on the question whether the conviction could be used while appeal is pending.

■■ Defendant's other two points are that the trial court permitted questions, for impeachment purposes, which went to convictions of violating city ordinances and in so permitting the court did not weigh the illegitimate tendency of such questions to prejudice and this failure constituted a violation of defendant's right to a fair and impartial trial.

Once the possibility of prejudice is called to the attention of the trial court it has an affirmative duty to exercise its discretion to weigh the probative value of the evi-

dence versus the illegitimate tendency to prejudice. State v. Coca, 80 N.M. 95, 451 P.2d 999 (Ct.App.1969). While the record shows that as to one prior conviction, the city ordinance question was raised, it does not show that defendant invoked a ruling of the trial court on the possibility of prejudice from cross-examination concerning prior offenses. Assuming, however, that the question of prejudice was raised, our review of the record shows the trial court ruled on each objection made and, generally, supervised the cross-examination concerning prior offenses. The record does not support a claim that the trial court did not exercise its discretion.

Defendant places much reliance on State v. Waller, 80 N.M. 380, 456 P.2d 213 (Ct. App.1969). In *Waller* this court reversed a conviction in which the trial court ruled that under § 20–2–3, supra, cross-examination for impeachment purposes could extend to "any unlawful act." In this case, the court ruled that the violation of a city ordinance of that kind was admissible to show a specific act of wrongdoing by the defendant. This, defendant asserts "is much the same as saying that he could be cross-examined on 'any unlawful act.'" We do not agree. The court here specified that the kind of ordinance conviction about which it would permit defendant to be cross-examined. Compare State v. Knowles, 32 N.M. 189, 252 P. 987 (1927). We do not see that the court permitted questions that were not limited in extent, range, and form. State v. Hargrove, 81 N.M. 145, 464 P.2d 564 (Ct.App.1970). In addition there was neither denial by defendant nor was there suggestive repetition. Compare State v. Hargrove, supra; State v. Waller, supra.

■ The trial court is vested with broad discretion in allowing cross-examination to test the credibility of a witness. State v. Moultrie, 58 N.M. 486, 272 P.2d 686 (1954). In reviewing this record we find none of the extremes which were condemned by *Coca* and *Waller*.

■ Defendant claims that the trial court erred in permitting questions concerning convictions of city ordinances. In most of the questioning, the record does not show that the conviction was under a city ordinance. References are made to magistrate court. Magistrate courts are part of the judicial department of the State, § 36–1–1, N.M.S.A.1953 (1969 Supp.), and their criminal jurisdiction does not specifically refer to municipal ordinances. See § 36–3–4, N.M.S.A.1953 (1969 Supp.). Section 37–1–1, N.M.S.A.1953 (1969 Supp.) establishes municipal courts, and these courts have jurisdiction over alleged violations of municipal ordinances. Section 37–1–2, N.M.S.A.1953 (1969 Supp.). The record here does not show, except in one instance, that defendant was questioned concerning a conviction under a city ordinance. Defendant claims that it was the State's obligation to show the convictions, about which defendant was questioned, were for ordinance violations. We disagree. It was defendant's obligation to demonstrate his asserted error, and, thus, to show that ordinances were involved. State v. Knowles, supra. Defendant has not done so; his claim of general questioning concerning convictions for violating city ordinances is not reviewable under the record before us.

■ In one instance, the record shows defendant was questioned as to a conviction in the "City Court of Hobbs." The court ruled that " * * * conviction of violating a City Ordinance of that kind, is admissible for the purpose of showing a specific act of wrongdoing." Thus, the trial court did not permit the question under § 20–2–3, supra, which authorizes questions concerning convictions of felonies and misdemeanors. The question was permitted under § 20–2–4, N.M.S.A.1953 (Repl. Vol. 4, 1970) which permits impeachment by showing "bad moral character." Such character may be shown by specific acts of misconduct. State v. Sharpe, 81 N.M. 637, 471 P.2d 671 (Ct.App.1970).

Defendant contends the question should have been directed to the specific miscon-

duct rather than *conviction* of a city ordinance. The contention is directed to a semantic nicety that, in our opinion, is without merit. Defendant was asked if he was found guilty of "failure to maintain records." Thus, the specific misconduct was identified. The trial court's ruling permitting questioning concerning an ordinance "of that kind" is also directed to the specific conduct involved. The reference to the conviction showed the specific act of wrongdoing. There was no error in referring to an ordinance conviction in this context.

 Defendant further contends the State failed to prove the ordinance conviction. This argument overlooks the procedure under § 20–2–4, supra. Denials under this section are binding on the cross-examiner. State v. Hargrove, supra. Compare § 20–2–3, supra. Here, the defendant gave a hesitant "yes" to the question. Being bound by the answer, the State would not have been permitted to "prove" the ordinance conviction under § 20–2–4, supra.

Affirmed.

It is so ordered.

WOOD and SUTIN, JJ., concur.