491 P.2d 1080

STATE of New Mexico, Plaintiff-Appellee,

v.

Mose Lee GILLIAM, Defendant-Appellant.

No. 711.

Court of Appeals of New Mexico.

Nov. 19, 1971.

Donald C. Cox, Easley & Reynolds, Hobbs, for defendant-appellant.

David L. Norvell, Atty. Gen., Thomas L. Dunigan, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

SUTIN, Judge.

Gilliam was found guilty of robbery while armed with a deadly weapon. Section 40A–16–2, N.M.S.A.1953 (Repl. Vol. 6). This is a companion case with State v. White, (Ct.App.) No. 707, decided November 12, 1971.

We affirm.

Gilliam contends: (1) the trial court erred in denying his motion to suppress testimony relating to an out-of-court photo identification by the victim of the robbery; (2) the trial court erred in permitting in-court identification of the defendant by the victim, because no proof was offered that the in-court identification was not tainted by illegal photo identification.

1. *Did the Trial Court err in Denying Gilliam's Motion to Suppress Evidence of an Out-of-Court Photo Identification Made by the Victim?*

Gilliam bases his contention on two separate grounds. (a) The police photographic

identification procedure was so impermissibly suggestive as to deny Gilliam due process; and (b) the procedure was conducted in absence of counsel.

At a preliminary hearing on motion to suppress, a partial stipulation of facts was entered into as follows: On the second day following robbery of the Quick Shop Grocery Store in Hobbs, a police officer, who suspected Gilliam, stopped the car in which Gilliam was riding, and brought him to the police station. The officer said Gilliam was not arrested and he was advised of his rights. Gilliam felt he was under arrest and was not advised of his rights. Mug shots were taken. Then the police officer showed the victim in the hospital three of these mug shots of Gilliam. She positively identified Gilliam as one of the two men who had robbed her. Later that afternoon, Gilliam was again picked up and taken to the police station where additional mug shots were taken. The police officer and Gilliam again disagreed over whether Gilliam was arrested and advised of his rights. These photographs were put in a mug book with 50 pictures and taken by two detectives to the victim who again identified Gilliam. That night, Gilliam was arrested, put in jail and advised of his rights.

In addition to the stipulation, the evidence showed the victim had seen Gilliam in her store five or six times before the robbery, and she saw him at the time of the robbery; she positively identified him at trial.

The trial court denied the motion to suppress on the grounds that due process does not require presence of counsel when photographs or a mug book is shown to a victim for identification, and that in view of the totality of the circumstances, the identification procedure was not so impermissibly suggestive as to violate Gilliam's due process rights.

First, Gilliam contends that if a photo identification procedure is "unnecessary" it is violative of due process to admit evidence of identification made, "unless there can be a showing on the part of the State that the in-court identification is independent of the constitutionally illegal out-of-court identification." He also argues that the photo identification procedure followed in this case was so impermissibly suggestive as to violate due process standards, and require exclusion of the in-court identification.

■ Gilliam's first contention is an erroneous statement of the law; whether the use of photographic identification procedures is "necessary or unnecessary" is a factor to be considered among the totality of the circumstances surrounding the identification. The standard is whether " 'photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.' " State v. Baldonado, 82 N.M. 581, 484 P.2d 1291 (Ct.App.1971).

■ While the procedure of showing only one photograph to a victim or witness to a crime has been criticized, and is suspect in and of itself, we cannot conclude that the photograph identification procedure used in this case was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. The victim had seen Gilliam in the store several times previously, and connected his manner of wearing a hat worn in his prior visits to the store with Gilliam. Her description of the robber, and of the times he was in the store, led the officer to suspect Gilliam. She had ample opportunity to observe Gilliam in the course of the robbery. Her identification of Gilliam was unwavering and positive.

There was no showing that the mug photographs led to misidentification of Gilliam in this case.

In the second place, during trial, the victim made an independent in-court identification. She testified she saw Gilliam face to face during the robbery. She did not rely on any photographs shown to her.

■ Second, Gilliam contends he was entitled to assistance of counsel at the time the mug shots were taken to the victim.

 

At the time the mug shots were taken to the victim, Gilliam was not under arrest or in custody, or subject to interrogation. He was free. The adversary system had not begun to operate against him. No authority has been cited that Gilliam was entitled to assistance of counsel during an investigatory procedure.

It has been held that where a defendant, not under arrest, or in any way detained, makes a voluntary statement in the nature of a confession, the statement is admissible during trial, even though the defendant had no warning, and had not been advised of his rights to remain silent, or of his right to consult an attorney. State v. Lopez, 79 N.M. 282, 442 P.2d 594 (1968). See State v. Anaya, 81 N.M. 52, 462 P.2d 637 (Ct.App.1969).

In State v. Carrothers, 79 N.M. 347, 443 P.2d 517 (Ct.App.1968), a mug shot was shown to witnesses after defendant had been charged and counsel appointed to defend him. For purposes of discussion, the court assumed "that all pre-trial identification of a suspect *in custody,* whether in person or by photograph, after counsel has been appointed or employed, is tainted unless counsel be present, . . . ." [Emphasis added.] This assumption does not fall within the facts concerning Gilliam, and is not applicable.

Under the facts of this case, we hold that Gilliam was not entitled to assistance of counsel while the mug photographs were shown to the victim for identification because Gilliam was not arrested or in custody, and the investigatory stage had not shifted to the accusatory stage. We do not decide what rule should be adopted when mug shots are taken while an accused is under arrest or in custody, and, thereafter, the photographs are shown to the witness for identification. See McGee v. United States, 402 F.2d 434, 436 (10th Cir. 1968) cert. denied, 394 U.S. 908, 89 S.Ct. 1020, 22 L.Ed.2d 220 (1969); United States v. Bennett, 409 F.2d 888, 898–900, (2d Cir. 1969); United States v. Ballard, 423 F.2d 127, 130–131 (5th Cir. 1970); United States v.

Robinson, 406 F.2d 64, 67 (7th Cir. 1969) cert. denied, 395 U.S. 926, 89 S.Ct. 1783, 23 L.Ed.2d 243 (1969).

*2. Was the Identification Evidence Admissible During Trial?*

 An in-court identification of Gilliam was admitted at trial. Gilliam contends that since the out-of-court identification was illegal, it was inadmissible because the state failed to prove that the in-court identification was independent of the out-of-court identification. The out-of-court identification was legal. Furthermore, the record is clear that the victim met Gilliam prior to the crime and saw him face to face during the crime and positively identified him. The in-court identification was independent. State v. Morales, 81 N.M. 333, 466 P.2d 899 (Ct.App. 1970), cert. den. 400 U.S. 842, 91 S.Ct. 84, 27 L.Ed.2d 77.

Affirmed.

It is so ordered.

WOOD, C. J., and COWAN, J., concur.