495 P.2d 802

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Donald Lee STOUT, Defendant-Appellant.**

No. 829.

Court of Appeals of New Mexico.
March 10, 1972.

David H. Pearlman, Aldridge & Pearlman, Albuquerque, for appellant.

David L. Norvell, Atty. Gen., Ronald Van Amberg, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

HENDLEY, Judge.

Convicted of armed robbery (§ 40A–16–2, N.M.S.A. 1953 (Repl.Vol.1964)) defendant appeals. He asserts three grounds for reversal, namely: (1) The trial court abused its discretion in not restricting cross-examination as to defendant's bad moral character; (2) The defendant was denied his Sixth Amendment right to cross-examine a hostile witness by the trial court limiting the use of defendant's exhibit of a photograph of defendant's twin brother; and, (3) The trial court erred in admitting an in-court identification of defendant and in failing to conduct an appropriate evidentiary hearing on such identifications.

We affirm.

## CROSS-EXAMINATION AS TO BAD MORAL CHARACTER.

The record discloses that defendant, on cross-examination, gave numerous evasive, contradictory and ambiguous answers. Defendant contends the trial court should have terminated the State's questioning and in

failing to do so abused its discretion. We disagree.

Section 20-2-4, N.M.S.A. 1953 (Repl.Vol.1970) permits cross-examination as to specific acts of misconduct. State v. Hargrove, 81 N.M. 145, 464 P.2d 564 (Ct. App.1970). Broad discretion is given the trial court in restricting such cross-examination. State v. Williams, 76 N.M. 578, 417 P.2d 62 (1966); State v. Hargrove, supra. The record shows the trial court followed the cross-examination carefully by permitting certain questions and disallowing others. Defendant has failed to show an abuse of discretion (State v. Biswell, 83 N.M. 65, 488 P.2d 115 (Ct.App.1971)) or that the trial court did not weigh the probative value of such questions versus their illegitimate tendency to prejudice. State v. Biswell, supra.

## LIMITING USE OF EXHIBIT.

Defendant testified it was his twin brother who did the robbery. He offered a picture to show the similarities in appearance. The picture was a profile view—one to one and a half years old. The State objected to the admission and the trial court admitted the picture for "the probative value" it might have for consideration by the jury. Defendant later attempted to use the picture to impeach a prosecution witness. The trial court denied the use in that manner.

As stated in Moore v. Mazon Estate, Inc., 24 N.M. 666, 175 P. 714 (1918):

"* * * [W]here evidence is received for a stated purpose, the fact that it is inadmissible for a different purpose does not render the action of the court erroneous."

Defendant had been forewarned of the limited purpose for which the evidence would be admitted. Absent an abuse of discretion the limited purpose admission was proper.

The prosecution witness had already identified defendant as the robber, and she, according to other testimony, selected defendant's picture from groups of photographs which included pictures of his twin brother. Defendant had full opportunity to cross-examine the witness regarding these identifications, and exercised this right. The trial court did not err in refusing to allow use of the slide for cross-examination of the witness. Such cumulative cross-examination would not have advanced the accuracy of the truth determining process. State v. Lunn, 82 N.M. 526, 484 P.2d 368 (Ct.App.1971). The identification had been subject to full cross-examination. Compare State v. Stout, 82 N.M. 455, 483 P.2d 510 (Ct.App.1971). The trial court's action in not permitting defendant to use the picture was not a denial of his Sixth Amendment right of confrontation or cross-examination.

## IN-COURT IDENTIFICATION.

Defendant contends the trial court erred in admitting the in-court identification and in failing to conduct an appropriate evidentiary hearing on such identifications.

The witnesses testified that the in-court identification was based on their observations of defendant at the scene of the crime. State v. Crump, 82 N.M. 487, 484 P.2d 329 (1971). Both witnesses testified that even though defendant had a stocking over his head his features were distinguishable. The in-court identifications being independent, we do not reach the issue of possible taint by any pre-trial identification activities. State v. Gilliam, 83 N.M. 325, 491 P.2d 1080 (Ct.App.1971); State v. Samora, 83 N.M. 222, 490 P.2d 480 (Ct.App.1971).

Affirmed.

It is so ordered.

SUTIN and COWAN, JJ., concur.