544 P.2d 289

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Hilario Rodriguez TORRES, Defendant-Appellant.**

**No. 2043.**

Court of Appeals of New Mexico.
Dec. 16, 1975.

Chester H. Walter, Jr., Chief Public Defender, Bruce L. Herr, Appellate Defender, Reginald J. Storment, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Toney Anaya, Atty. Gen., Jay F. Rosenthal, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Convicted of burglary, defendant appeals. Section 40A–16–3, N.M.S.A.1953 (2d Repl. Vol. 6). The two issues are: (1) identification procedure, and (2) jury determination of voluntariness of defendant's statement.

### Identification Procedure

Defendant was seen entering the victim's yard. About twenty minutes later defendant was seen leaving the yard carrying a brown paper sack. The witness gave a description of defendant to the police. The time from the witness' first observation until stopped by police was approximately one hour. When stopped, defendant had in his possession various items taken from the victim's house.

Defendant was taken to the scene, where the witness viewed defendant. The evidence is conflicting as to whether defendant stood outside of or remained inside the police car while being viewed. "They [the police] said, 'Is this the man you saw coming out of Mr. Pullaro's driveway?' And it was the same man * * * ."

Defendant contends this identification procedure was invalid and the witness' identification testimony should have been suppressed. He claims "that this one to one confrontation wherein he was presented to the only witness while sitting in or standing by a police car, was so inherently and impermissibly suggestive as to violate due process." The "impermissibly suggestive" argument is directed to the legal standard of whether there is a substantial likelihood of irreparable misidentification. *State v. Gilliam*, 83 N.M. 325, 491 P.2d 1080 (Ct.App.1971).

The one-to-one confrontation is known as a showup. *State v. Samora*, 83 N.M. 222, 490 P.2d 480 (Ct.App.1971). Defendant asserts this type of confrontation is inherently suggestive and therefore improper. The answer is that a claimed violation of due process in the conduct of a confrontation depends on the totality of the circumstances surrounding it. *Stovall v. Denno*, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); *State v. McCarty*, 82 N.M. 515, 484 P.2d 357 (Ct.App.1971).

The fact that defendant was either the sole occupant of the police car, or was standing alongside the police car, and the fact that he was in the presence of police officers during the confrontation, are simply the usual elements in any police conducted on-the-scene confrontation. *Dillard v. State*, 257 Ind. 282, 274 N.E.2d 387 (1971). While these elements are suggestive, they were not unnecessarily suggestive. These elements are to be considered by the trial court in evaluating the totality of the circumstances. These elements in themselves do not require exclusion of the evidence. *Bates v. United States*, 132 U.S.App.D.C. 36, 405 F.2d 1104 (1968); *Dillard v. State*, supra; *Davis v. State*, 13 Md.App. 394, 283 A.2d 432 (1971).

Defendant asserts the one-to-one confrontation is an unwarranted practice and the only effective deterrent is a per se exclusionary rule. Such a confrontation is not an unwarranted practice, because, under some circumstances, it may tend to insure accuracy in the identification. *Bates v. United States*, supra. There is no basis for a per se exclusionary rule because such confrontations are not per se violative of due process. *Roper v. Beto*, 454 F.2d 499 (5th Cir. 1972); *People v. Williams*, 183

**576**

Colo. 241, 516 P.2d 114 (1973). Absent special elements of unfairness, prompt on-the-scene confrontations do not violate due process. *Russell v. United States,* 133 U.S.App.D.C. 77, 408 F.2d 1280 (1969), cert. denied, 395 U.S. 928, 89 S.Ct. 1786, 23 L.Ed.2d 245 (1969).

The trial court did not violate due process in refusing to suppress the evidence of the identification because of the one-to-one confrontation.

*Jury Determination of Voluntariness of Defendant's Statement*

There is evidence that after defendant was advised of his "Miranda" rights, he made an oral statement. That statement admitted entry into the victim's house. The trial court made a preliminary determination of the voluntariness of the statement before admitting it as evidence. *State v. Armstrong,* 82 N.M. 358, 482 P.2d 61 (1971).

There was no special instruction informing the jury how to determine the voluntariness of the statement. Defendant did not request such an instruction. *State v. Romero,* 87 N.M. 279, 532 P.2d 208 (Ct. App.1975). Defendant states that the issue of voluntariness of the statement was submitted to the jury by the general instruction concerning the credibility of witnesses.

"Defendant contends that the jury could not have adequately performed their required function [of determining voluntariness] because they were never informed as to what 'Miranda rights' are. All through the trial, the attorneys, witnesses and the court referred to 'Miranda rights'. They never advised the jury what these rights are * * *."

The answer is that defendant never requested an instruction defining "Miranda rights". The asserted error was waived. Rule of Criminal Procedure 41(g); *State v. Lujan,* 87 N.M. 400, 534 P.2d 1112 (1975).

Oral argument is unnecessary. The judgment and sentence are affirmed.

It is so ordered.

HENDLEY and LOPEZ, JJ., concur.