609 P.2d 727
**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Michael S. PADILLA,
Defendant-Appellant.**

**No. 4459.**

Court of Appeals of New Mexico.

March 11, 1980.

Rehearing Denied March 25, 1980.

John B. Bigelow, Chief Public Defender, Santa Fe, Mark Shapiro, Asst. App. Defender, Albuquerque, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

**HENDLEY, Judge.**

Convicted of residential burglary, the defendant raised three issues in his docketing statement. Our calendaring notice proposed summary affirmance. The defendant submitted a memorandum in opposition to summary affirmance, addressing the issue of the pretrial identification and his right to a lineup. We affirm.

Around 1:00 in the afternoon of May 8, 1979, a student entered his home and saw someone on the front porch. The student went outside and was confronted by a man holding a gun and a gun case which the student recognized as belonging to his father. A brief conversation ensued after which the stranger ran away, leaving the gun and gun case by the front fence. The stranger at the time was wearing a white T-shirt.

The student reentered his home and called his mother who called the sheriff. He then drove in the direction the stranger had fled, stopping at the gas station about two blocks away. Here the student saw the same stranger cross the street and go into a field behind the gas station. One sheriff's deputy came on the scene and searched while another deputy accompanied the student back to his home.

Around this same time the defendant ran through several backyards and eventually sought aid at a trailer house adjacent to the area where the burglary suspect was seen fleeing. (Defendant's explanation was that he was being chased by two men in a car.) At this time the defendant was wearing a gold and red shirt. He sought to use the telephone of the people in the trailer house. They refused and called the police.

One of the deputies investigating the burglary responded to the police dispatch and went to the trailer. He told the defendant to go with him because the people in the trailer did not want him to remain there.

The deputy drove to the house that had been burglarized. The student was in front of his house and upon seeing the defendant in the sheriff's car, declared that the defendant was the man he had earlier confronted at his house. Hereupon, the student was taken inside the house and the defendant was charged with residential burglary. No lineup was conducted even though the defendant requested one. The student again saw the defendant being led into the courtroom by a deputy at a pretrial hearing. At trial, the student identified defendant in court as the stranger he had confronted on May 8, 1979. The defendant was convicted by a jury.

### The On-the-Scene Identification

■ Defendant asserts that his identification was unnecessarily suggestive, in violation of the standards required by *Stovall v. Denno*, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). We disagree. First, the facts of this case differ significantly from those in *Stovall* in that the resultant showup had not been prearranged. Because the people in the trailer house did not want defendant to remain there, the deputy told the defendant to go along with him. Considering defendant's story that he was being chased by two men, this action by the deputy appears to be in defendant's interest. There is no claim that defendant was taken by the sheriff's deputy because he was the suspected burglar.

Further, there is no claim that the student who identified the defendant was expecting the deputies to bring a suspect for a showup. He made a spontaneous declaration of identity of the individual he saw in the deputy's automobile even though the defendant was wearing a red and gold shirt; whereas, the stranger he had encountered earlier wore a white T-shirt. Finally, it was after the identification that defendant was held on the burglary charge. The facts do not give rise to a claim that there was a critical encounter at a time when defendant did not have counsel.

Secondly, from the totality of the circumstances of this case we do not see any unnecessarily suggestive procedure that might have led to a due process violation. *State v. Torres*, 88 N.M. 574, 544 P.2d 289 (Ct.App.1975); *compare State v. Baldonado*, 82 N.M. 581, 484 P.2d 1291 (Ct.App.1971).

*Right to a Lineup*

Relying on Footnote 5 in *Moore v. Illinois*, 434 U.S. 220, 98 S.Ct. 458, 54 L.Ed.2d 424 (1977), defendant contends that the United States Supreme Court has "suggested that it might be highly appropriate to grant lineup requests by the defendant." Our reading of that case shows that the Supreme Court merely emphasized the importance of the defendant having an attorney by enumerating various actions counsel could take. The Court specifically stated: "we express no opinion as to whether the preliminary hearing court would have been required to grant any such requests."

We agree with defendant that the issue of when a lineup may be refused is one of first impression in New Mexico. However, in this opinion we see no need to conjure up circumstances when the denial of a request for a lineup might be an abuse of discretion. The defendant relies on *State v. Romero*, 87 N.M. 279, 532 P.2d 208 (Ct.App.1975), for the proposition that he had "a right to material for impeaching witnesses against him and for showing his innocence, if he can explain how the material would do that." However, we fail to see that defendant's request for a lineup showed any relevance to his defense.

Furthermore, even if we were to have found that the initial identification was questionable, defendant has not suggested one fact that would have lessened the general applicability of the observations made by the United States Supreme Court in *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968): "[r]egardless of how the initial misidentification comes about, the witness thereafter is apt to retain in his memory the image of the photograph [identification] rather than of the person actually seen, reducing the trustworthiness of subsequent lineup or courtroom identification." With a valid initial identification defendant can have no reasonable expectation for relief from a lineup. Specifically, he has failed to suggest how a lineup might have helped him. The trial court did not abuse its discretion by refusing to grant a pretrial lineup.

The judgment and sentence are affirmed.

IT IS SO ORDERED.

HERNANDEZ and LOPEZ, JJ., concur.