665 P.2d 1169

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Steven Joseph MAES,
Defendant-Appellant.**

**No. 6063.**

Court of Appeals of New Mexico.

June 15, 1983.

Paul G. Bardacke, Atty. Gen., Elizabeth Major, Ass't Atty. Gen., Santa Fe, for plaintiff-appellee.

Martha A. Daly, Rothstein, Bailey, Bennett & Daly, Santa Fe, for defendant-appellant.

## ON MOTION FOR REHEARING

Plaintiff's motion for rehearing granted. The following opinion substituted for opinion filed on June 7, 1983.

## OPINION

LOPEZ, Judge.

The defendant appeals his convictions for robbery and aggravated assault with intent to commit robbery. We affirm both convictions but we remand for modification of the sentence on the sentence on the assault charge.

The defendant has presented four issues for our consideration. 1. The evidence adduced at trial was insufficient to sustain Mr. Maes' conviction of aggravated assault; 2. If the evidence is found sufficient to sustain the aggravated assault conviction, the trial court erred in failing to find that it merged into the robbery conviction; 3. The show-up identification procedure was so suggestive as to require suppression of that identification and suppression of later identifications made from photo arrays and in court trial testimony as fruits of the poisonous tree; and 4. The trial court abused its discretion by refusing to grant Mr. Maes' motion to dismiss his court-appointed counsel.

## FACTS

On the afternoon of April 9, 1982, Ann Bernitsky and her mother Beverly Bernitsky, were walking toward Winrock Shopping Center from their automobile. Both women testified that they saw a man coming toward them. The next thing Ann knew, someone was right behind her grabbing her purse. The purse was clutched under her arm. Ann, trying to hold on to the purse, fell down. The robber then jerked the purse away. Ann then attempted to wrap her legs around the robber so that he would trip. She then ran after the robber and caught up to him. The robber then gave Ann back her wallet. A bystander came to Ann's aid and grabbed the robber. The bystander got the robber's wallet and the robber started to run off. Ann grabbed the robber's shirt and he hit her on the side of the head, stunning her. The robber then took off again with security guard Robert Cordova in pursuit. Cordova caught the robber at the front of an apartment. The robber then went into the building. The police arrived at the scene, removed the robber from the building and placed defendant into a police vehicle. He was then taken back to the scene of the incident. Ann Bernitsky was in a patrol car and as the patrol vehicle that the defendant was in drove by, she said that he was the person who snatched her purse. Her mother got out of the car, went over to look at defendant in the patrol car and identified him as the one who had taken her daughter's purse.

◼ The defendant raised nine issues in his docketing statement but he has only briefed four. Therefore the five issues which are not briefed are abandoned. *State v. Gallegos,* 92 N.M. 336, 587 P.2d 1347 (Ct.App.1978).

## POINT NO. I. WAS THE AGGRAVATED ASSAULT VERDICT SUPPORTED BY SUBSTANTIAL EVIDENCE.

Initially the defendant was charged with aggravated assault, robbery and battery and the jury was instructed as to each of these counts. The jury found the defendant not guilty of battery.

◼ The defendant argues that the record below contained no direct or circumstantial evidence from which it could be reasonably inferred that the victim believed she was in danger of being battered, directing this Court's attention to the authority of *State v. Mata,* 86 N.M. 548, 525 P.2d 908 (Ct.App.1974). The State of New Mexico, through the attorney general, agrees with the defendant's arguments and concedes this point. Notwithstanding the State's concession, we will address the defendant's arguments relating to assault. The reason for our position was aptly stated by the Alaska Supreme Court in *Marks v. State,* 496 P.2d 66 (Alaska 1972):

Although a confession of error by the Attorney General is entitled to great weight, it does not relieve this court of the obligation to perform our judicial function. The public interest in criminal appeals does not permit their disposition by party stipulation. We must therefore independently review the proceedings be-

low to insure that the error confessed is supported by the record.

496 P.2d at 67–68 (Footnote omitted).

█ Our review of the record reveals that when the defendant grabbed the victim's purse the victim struggled with, and was pushed to the ground by, the defendant. Evidence also shows that the defendant jerked away the victim's purse after she had been pushed to the ground and that the defendant struck the victim. Accordingly, a review of the record does not support the State's concession; rather, we find substantial evidence supporting the aggravated assault instruction.

POINT NO. II. DID THE CRIMES OF AGGRAVATED ASSAULT AND ROBBERY MERGE.

At trial the defendant moved for a directed verdict and for merging the aggravated assault and robbery charges. His motions were denied and he was found guilty of both charges and sentenced to consecutive terms of imprisonment. On appeal the defendant again argues that the charges should have been merged. We agree.

This Court has explained merger as follows:

"Merger" is the name applied to the concept of multiple punishment when multiple charges are brought in a single trial. Tanton I, [State v. Tanton, 88 N.M. 5, 536 P.2d 269 (Ct.App.1975)]. Merger is an aspect of double jeopardy; it is concerned with whether more than one offense has occurred. See 1 Wharton's Criminal Law & Procedure, § 33 (1957). The concept is applied to prevent a person from being punished twice for the same offense. State v. McAfee, 78 N.M. 108, 428 P.2d 647 (1967).

The test of whether one criminal offense has merged in another is * * * "whether one offense necessarily involves the other". State v. Martinez, 77 N.M. 745, 427 P.2d 260 (1967); State v. Dosier, 88 N.M. 32, 536 P.2d 1088 (Ct.App.1975); Tanton I, supra.

In determining whether one offense "necessarily involves" another offense so that merger applies, the decisions have looked to the definitions of the crimes to see whether the elements are the same. State v. McAfee, supra; State v. Ranne, [80 N.M. 188, 453 P.2d 209 (Ct.App. 1969) ]; State v. Everitt, 80 N.M. 41, 450 P.2d 927 (Ct.App.1969).

State v. Sandoval, 90 N.M. 260, 263, 561 P.2d 1353, 1356 (Ct.App.1977).

Robbery is defined as "the theft of anything of value from the person of another or from the immediate control of another, by use or threatened use of force or violence". NMSA 1978, § 30–16–2. Assault is defined as either of the following:

A. an attempt to commit a battery upon the person of another;

B. any unlawful act, threat or menacing conduct which causes another person to reasonably believe that he is in danger of receiving an immediate battery; or

C. the use of insulting language toward another impugning his honor, delicacy or reputation.

NMSA 1978, § 30–3–1. Aggravated assault consists of either of the following:

A. unlawfully assaulting or striking at another with a deadly weapon;

B. committing assault by threatening or menacing another while wearing a mask, hood, robe or other covering upon the face, head or body, or while disguised in any manner, so as to conceal identity; or

C. willfully and intentionally assaulting another with intent to commit any felony.

NMSA 1978, § 30–3–2.

█ From the foregoing it is plain that robbery requires proof of theft by use or threatened use of force and assault requires proof of an attempted battery of which the victim is reasonably in fear of receiving. Thus, the operative element of an assault are also the elements of robbery and the crimes must merge. Moreover, this result is consistent with the decision in State v. Quintana, 69 N.M. 51, 364 P.2d 120 (1961), wherein the court discussed the merger concept and, in reliance on decisions in several

other jurisdictions, stated that robbery necessarily involves proof of assault.

Pursuant to the decision in *Quintana,* the defendant could properly be convicted of both aggravated assault and robbery, however, he could be punished for only one. POINT III. DID THE TRIAL COURT ERR IN DENYING THE DEFENDANTS MOTIONS TO SUPPRESS THE SHOW–UP IDENTIFICATION AND THE SUBSEQUENT IDENTIFICATIONS.

The defendant challenges both convictions on grounds that the trial court erred in denying his motion to suppress the show-up identification and subsequent identifications. His main argument is that the procedure taken was overly suggestive, and he attacks the validity and the reliability of identification as required under "totality of circumstances" test. *See, Manson v. Brathwaite,* 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); *Compare State v. Vialpando,* 93 N.M. 289, 599 P.2d 1086 (Ct.App.1979).

■ The State argues that the procedure was in accord with New Mexico law. We agree. Our appellate courts have consistently held that even if the identification procedure is suggestive the evidence is admissible when the totality of the circumstances indicate the identification is reliable. *See State v. Wheeler,* 95 N.M. 378, 622 P.2d 283 (Ct.App.1980); *State v. Padilla,* 94 N.M. 280, 609 P.2d 727 (Ct.App.1980); *State v. Nolan,* 93 N.M. 472, 601 P.2d 442 (Ct.App. 1979); *State v. Torres,* 88 N.M. 574, 544 P.2d 289 (Ct.App.1975); *State v. Baldonado,* 82 N.M. 581, 484 P.2d 1291 (Ct.App.1971).

■ The trial court, as the fact finder in the motion to suppress, did not err in denying the motion. There is sufficient evidence in the record from which the trial court could determine that the identification by the victim and her mother was reliable as required by law.

POINT NO. IV. DID THE TRIAL COURT ABUSE ITS DISCRETION BY DENYING THE DEFENDANT'S MOTION TO DISMISS HIS COURT–APPOINTED ATTORNEY.

Under this point the defendant challenges his convictions on grounds that the

trial court refused to allow him to dismiss his court-appointed attorney and to give him an opportunity to employ private counsel. The defendant argues that he was denied effective assistance of counsel because his court-appointed attorney consulted with him only once before the commencement of the trial, he failed to subpoena certain witnesses and failed to properly put on a good defense.

The record in this case shows that the court-appointed attorney entered his appearance on July 15, 1982. On August 2, 1982, he filed motions to suppress show-up identification, to dismiss based on illegal arrest, and to suppress oral statements. He subpoenaed Ann Bernitsky and Beverly Bernitsky to testify at the hearing on the motions. At the motions hearing, he called Virginia Maes, the defendant, Officer Tarango, Ann Bernitsky, Beverly Bernitsky, and Officer Guerra, to testify for the defense.

■ The issue of effective assistance of counsel has been before this Court many times. We began the law in New Mexico relating to effective assistance of counsel by referring to Article II of the New Mexico Constitution which provides that a criminal defendant has a right to counsel. N.M. Const. art. II, sec. 14. The right to counsel includes the right to effective assistance of counsel. *State v. Salazar,* 81 N.M. 512, 469 P.2d 157 (Ct.App.1970). However, a defendant does not have an absolute right to the counsel of his choice. *State v. Williams,* 83 N.M. 185, 489 P.2d 1183 (Ct.App.1971). A defendant cannot use his right to counsel as a means of delaying court proceedings. *State v. Lujan,* 82 N.M. 95, 476 P.2d 65 (Ct.App.1970).

■ The trial court in this case had a duty to determine the basis for defendant's dissatisfaction with his court-appointed attorney. It made such an inquiry. We conclude that, upon the record as we have it, the defendant did not show good cause for rejection of his court-appointed attorney,

and we further conclude that the defendant was afforded effective assistance of counsel as provided by the law and the Constitution of New Mexico. *See State v. Salazar, supra.*

Therefore, based upon all legal authorities that we have quoted, we conclude that the trial court did not abuse its discretion in denying the defendant's motion for dismissal of his court-appointed attorney.

The convictions of robbery and assault with intent to commit robbery are affirmed but the cause is remanded with instructions to vacate the sentence for assault with intent to commit robbery and for proceedings consistent herewith. IT IS SO ORDERED.

HENDLEY and DONNELLY, JJ., concur.